## BUCKLEY v. MUSIC CORPORATION OF AMERICA et al.

No. 178.

District Court, D. Delaware.

March 6, 1941.

Stewart Lynch, of Wilmington, Del., for plaintiff.

Hering, Morris, James & Hitchens, of Wilmington, Del., for Music Corporation of America.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., for General Mills Corporation and National Broadcasting Co., Inc.

NIELDS, District Judge.

Motion by defendant Music Corporation of America to strike.

Following the allegations respecting jurisdiction, the complaint contains six so-called causes of action. The first "cause of action" contains eight paragraphs numbered from 1 to 8, inclusive. The second cause of action repeats and realleges paragraphs 1 to 7, inclusive, of the first and adds paragraphs 9 to 14, inclusive. The third cause of action repeats and realleges

paragraphs 1 to 8, inclusive, of the first and adds paragraphs 15 and 16.

The first cause of action appears to sound in tort and to be based upon infringement of a common-law copyright. The second cause of action appears to sound in general assumpsit on the theory of unjust enrichment. The third is identical with the first, with the additional allegation that plaintiff was not paid.

Defendant, Music Corporation of America, has moved to strike certain paragraphs in the first two causes of action because of redundancy or immateriality. Thus, paragraph 3 is redundant because it adds nothing to the allegations in paragraph 2, except the legal conclusion that the facts spell out a common-law copyright. Paragraph 5 pleads evidence; whether the alleged notice appears on the script is immaterial. Paragraph 6 is in direct conflict with the allegation of paragraph 4. In paragraph 4 the pleader alleges submission of the script to defendant, Music Corporation of America, with the understanding said defendant would endeavor to arrange for its use by one of its bands. In the sixth paragraph the pleader alleges said defendant arranged for use of the script by one of its bands "without authority from, and without consent of the plaintiff". Paragraph 11 alleges the purpose of the defendant which is not charged to be wrongful and is therefore immaterial. Paragraph 12 recites facts and evidence adequately pleaded in preceding paragraphs of the second cause of action.

Music Corporation of America contends that the last four causes of action should be stricken from the complaint because each is redundant, repetitious and immaterial to the first and second causes of action.

This pleading is controlled by Rules 8(a) and 8(e)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. They are:

"8(a) Claims for Relief. A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

"8 * * * (e)(1) Each averment of a pleading shall be simple, concise, and direct. * * *"

"Simplicity and clarity of pleading were intended to be achieved by the new rules of civil procedure. The amended complaint herein is a hodge-podge of material and immaterial, relevant and irrelevant matter." Capdevielle v. American Commercial Alcohol Corp., D.C., 1 F.R.D. 365.

The motion to strike will be granted with leave to the plaintiff to file an amended complaint.

The motions for bill of particulars need not be considered.

An order may be submitted.