**ORANGE THEATRE CORPORATION v. RAYHERSTZ AMUSEMENT CORPORATION et al.**

Civ. A. 1195.

District Court, D. New Jersey.

Nov. 6, 1941.

Israel B. Greene, of Newark, N. J., for plaintiff.

Joseph Steiner, of Newark, N. J., for defendants Rayherstz Amusement Corporation, David Weinstock, Benjamin Weinstock, J. Joshua Goldberg, Emanuel Hertzig, and Harry Brandt.

Arthur T. Vanderbilt, of Newark, N. J., for certain other defendants.

WALKER, District Judge.

A petition for process was filed with the complaint herein, and in said petition the plaintiff prayed that process of summons issue out of this court directed to the several United States Marshals of the several districts within the United States of America, where the defendants could be found or process legally served.

The summonses issued and five defendants now seek an order dismissing the complaint. The petition for process states they are nonresidents of the State of New Jersey, and the returns of the United States Marshals report that three of the defendants[1] were served in the Southern District of New York and two of the defendants[2] were served in the Eastern District of New York.

The action is civil, grounded on the federal antitrust laws[3] to recover treble damages[4] and to prevent further violations of the acts.[5]

The jurisdiction of this court is determined by Acts of Congress enacted in pursuance to the Constitution. Apart from the powers that are inherent in a judicial tribunal after such tribunal has been lawfully created, the district courts can exercise no jurisdiction that is not conferred upon them by legislative enactment.[6]

The motion of the said five defendants must prevail unless we find statutory authority for the services in question.

The legal relief is sought by the plaintiff under Section 4 of the Clayton Act[7]. It places the venue in the district in which the defendant resides or is found or has an agent, and the plaintiff has the burden, when challenged, to show its right to be in this court, and it has not shown that the said five defendants reside in or are found in or have an agent or agents in this state. In fact, as has been stated, the petition for process tells us they are nonresidents of the State of New Jersey, and the returns of the United States Marshals show the services were made in districts located in the State of New York. The defendants who press the motion are natural persons and not corporations and therefore not within Section 12 of the Clayton Act.[8]

The plaintiff seeks equitable relief through Section 16 of the Clayton Act[9]. The said section gives to any person, firm, corporation, or association the right to sue for and have injunctive relief in any court of the United States having jurisdiction over the parties.

If jurisdiction depended upon diversity of citizenship and amount involved, suit could be brought only in the district of the residence of either the plaintiff or the defendant, but jurisdiction in this matter rests upon laws of the United States[10], and except as provided in Sections 113 to 118 of Title 28 U.S.C.A.[11] no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant[12]. The five defendants in question are inhabitants of the State of New York, they are natural persons not within Section 12 of the Clayton Act, and a district court of the United States in the state[13] whereof they are inhabitants is the

<hr>

[1] David Weinstock, Benjamin Weinstock and Harry Brandt.

[2] J. Joshua Goldberg and Emanuel Hertzig.

[3] Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq.

[4] Legal relief.

[5] Equitable relief.

[6] J. Harvey Ladew et al. v. Tennessee Copper Company, 218 U.S. 357, 31 S. Ct. 81, 54 L.Ed. 1069.

[7] Title 15 U.S.C.A. § 15. Similar provision in Sec. 7 of Sherman Act, 15 U.S.C.A. § 15 note.

[8] Title 15 U.S.C.A. § 22.

[9] Title 15 U.S.C.A. § 26.

[10] The Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq.

[11] Exceptions are not applicable.

[12] Pertinent part of Title 28 U.S.C.A. § 112.

[13] See Rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

court of the United States having jurisdiction over them.

The service of process outside this state and in districts located in the State of New York upon natural persons, who are named as defendants in an antitrust action for three-fold damage and injunctive relief in this district is unsupported by Sections 4, 12 and 16 of the Clayton Act and the pertinent part of the General Venue Statute.[14]

The motion of David Weinstock, Benjamin Weinstock, J. Joshua Goldberg, Emanuel Hertzig and Harry Brandt to dismiss the complaint is granted as to each of them.

The plaintiff contends that the defendants in question have waived their right to the dismissal because they filed their motion twenty days after the dates on which they were served with summons.

The record shows that the twenty days had not expired as to the defendants, Emanuel Hertzig and J. Joshua Goldberg, but they had expired as to the defendants, David Weinstock, Benjamin Weinstock and Harry Brandt, when the attorney for the plaintiff and the attorney for all five defendants entered into a stipulation wherein the time to answer or otherwise move with respect to the complaint was extended.

Under Rule 12(b),[15] every defense in law or fact to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted.

The new rules have avoided all distinction between demurrers, motions, exceptions for insufficiency and pleas. Special appearances to challenge jurisdiction over the person or improper venue are not necessary. Objections that the court has not secured jurisdiction over the defendant or that the venue is improper may be pleaded in the answer and the defendant waives nothing by so doing.[16]

The theory of the new rules of civil procedure is that the quick presentation of defenses or objections should be encouraged, and when the defendants in question decided to do by motion what the stipulation gave them the right to do in the responsive pleadings, they were proceeding in a manner consistent with the spirit of said rules, and the court looks to the substance rather than to the form.

---

[14] Title 28 U.S.C.A. § 112.
[15] Title 28 U.S.C.A. following Section 723c.
[16] Moore's Federal Practice, Vol. I, page 649.