## BUCKLEY v. MUSIC CORPORATION OF AMERICA et al.

No. 178.

District Court, D. Delaware.

May 12, 1942.

330

Stewart Lynch, of Wilmington, Del., for plaintiff.

Hering, Morris, James & Hitchens, of Wilmington, Del., for Music Corporation of America.

Richards, Layton & Finger, of Wilmington, Del., for General Mills Corporation and another.

KALODNER, District Judge.

The plaintiff originally filed a complaint in a civil action, to which the defendants filed various motions. These were disposed of by Judge Nields, Judge of the District Court of the United States for the District of Delaware, 1 F.R.D. 602. The plaintiff thereupon filed an amended complaint.

To the latter, the defendant Music Corporation of America (hereinafter referred to as MCA) filed these consolidated motions to dismiss, to strike, and for a bill of particulars; and the defendants General Mills Corporation and National Broadcasting Co., Inc., filed a motion for a bill of particulars.

Briefly, the amended complaint avers that in January, 1939, the plaintiff originated, created, and wrote a literary and dramatic composition, in form generally referred to as a radio program continuity; that the script consisted of a sample or basic script embodying an idea, etc., for a series of radio programs; that the composition was in manuscript form and had never been published, sold, or in any way dedicated to the public, nor copies made, and that plaintiff always has been and still is its sole and exclusive proprietor.

The amended complaint further alleges that the plaintiff submitted the composition to the defendant MCA in an endeavor to negotiate some commercial use for it, and that thereafter the defendants, in pursuance of an arrangement among themselves, and without authority or permission of the plaintiff, broadcast radio programs, utilizing and copying material in the script submitted by the plaintiff, to their benefit and to his detriment.

The amended complaint contains four counts: the first two are against all defendants, and the last two are against the defendant MCA only.

The motions for bills of particulars were made by all the defendants and will be considered last. The motion to dismiss, and the motion to strike, were made by the defendant MCA only, and will be considered first and in the order named.

I am not impressed by the defendant MCA's argument upon the motion to dismiss. The reasons advanced in support of the motion seem directed rather to alleged technical faults in pleading, lack of particularity, and vagueness of language, than to those substantive faults that might rob a claim of validity.

For instance, it is complained that the averment of the fact that "defendants arranged between themselves for presentation of a radio series * * *" is not an allegation of fact, because the word "arranged" is not sufficiently informative; and that an allegation that the defendants used and copied the basic scheme of the plaintiff "avoids" stating just what the defendant MCA did.

Such objections, even under the more rigorous rules of pleading previously

in force, are only directed to form, and not to substance. I find nothing in the defendant MCA's argument to convince me that the plaintiff has failed to state a cause of action. In fact, I think he has clearly stated a cause of action. Particulars may be lacking, and the plaintiff may be required to supply them upon proper application, but such matters do not affect substance.

As was well stated in the recent case of Orange Theatre Corp. v. Rayherstz Amusement Corp. et al., 2 F.R.D. 278, 280:

"The theory of the new rules of civil procedure is that the quick presentation of defenses or objections should be encouraged, and when the defendants in question decided to do by motion what the stipulation gave them the right to do in the responsive pleadings, they were proceeding in a manner consistent with the spirit of said rules, *and the court looks to the substance rather than to the form.*" (Emphasis supplied.)

I have undertaken no demonstration that the facts alleged give rise to a valid cause of action, for the reason that nothing in MCA's argument constitutes such an attack as to require the demonstration.

It is also worthy of note that Judge Nields denied the former motion to dismiss. I now deny the present motion to dismiss.

I pass now to the consideration of the motion to strike.

There are four counts in the amended complaint, and MCA has moved to strike the last three.

The first two counts are against all defendants; the third and fourth counts are against MCA alone.

The first count by its allegations makes out a cause of action against all defendants for infringement of a common-law copyright. It is not based upon any contractual or quasi contractual ground.

The second count also makes out a cause of action against all defendants, and is grounded upon quasi contract—the theory being that a quasi contractual obligation is fastened upon all defendants by their use of the plaintiff's work, which unjustly enriched the defendants without compensation to the plaintiff.

The first count sounds in tort, and the second in assumpsit. There is no duplication here: MCA's motion to strike the second count relies solely on duplication, hence it should not be stricken (no other reason for striking appearing to the court). Different theories of recovery are presented in each of the two counts.

The third count is brought against the defendant MCA alone, and is based upon an alleged expressed contract between the plaintiff and MCA. Paragraph sixteen of the amended complaint avers that there was an understanding and agreement between the plaintiff and MCA to the effect that, if the latter used the "radio program work" submitted by the plaintiff, defendant "would make or arrange reasonable compensation to the plaintiff for the use thereof".

The third count of the amended complaint is based on grounds identical with those on which the fifth count of the original complaint was based. Judge Nields, upon motion, struck that count from the original complaint. It was not proper, under the circumstances, to include in an amended complaint a count stricken from the original complaint by order of court.

The gravamen of the fourth count in the amended complaint is the defendant MCA's appropriation to its own use of the plaintiff's creation. Substantially the same claim was set forth as the basis for the final count in the original complaint. This final count was also stricken from the original complaint by Judge Nields. It should accordingly be stricken from the amended complaint.

Defendant MCA's motion to strike is therefore denied as to the second count in the amended complaint (denominated in the amended complaint as a second cause of action against all of the defendants), and is granted as to the third and fourth counts in the amended complaint (denominated therein respectively as the first and second causes of action against the defendant Music Corporation of America).

I address myself now to the motions for the bills of particulars—first to that of the defendants General Mills Corporation and National Broadcasting Company, Inc.

Paragraph 1(a) of that motion asks for a copy of the script referred to in paragraph Second of the amended complaint. The plaintiff has agreed to furnish such a copy. That part of the motion, therefore, is granted.

Paragraph 1(b) of the same motion requests that the plaintiff specify in what respects it is claimed that the idea, plan and scheme referred to in paragraph Second was original in January, 1939.

■ This request I refuse. Originality in a literary composition, such as the one involved here, is not susceptible of the same pleadings or particularization as in patent cases, since somewhat different factors are involved. The particular type of genius required in the creation of an original literary or dramatic composition differs from that which is a prerequisite to a patentable invention, and can hardly be broken down, as is often possible in the case of patents, into component parts, for some of which originality may be claimed, and not for the others. In short, once one has claimed that such a composition is original, one has said about as much as can be stated upon the subject. I think that from the common sense viewpoint the burden should rather be cast upon the defendant who makes use of the composition to prove its lack of originality—by comparison, for instance, with other works, or in some other way—in the event such defendant desires to defend upon the ground that there is no originality. I agree here with the plaintiff's argument that the defendants, in requesting such information, ask for argument rather than averments of fact, and for disclosure of proof. I deny item 1(b) of the motion: Daley v. Evans Case Co., D.C., 1 F.R.D. 361.

■ In item 1(c) of the motion, defendants request disclosure as to the time when plaintiff claims to have given his radio program its alternative title. I see no reason to deny this request. It is the conventional type of inquiry; the fact may be of materiality upon trial, and the defendants require the information in order to answer or prepare. They are entitled to the information.

Item 1(d) of the motion reads as follows: "If such title and alternative title were set forth in any writings, attach true and complete copies of any such writings; if it is claimed that such title and alternative title were communicated orally, set forth the circumstances under which said title and alternative title are claimed to have been communicated and the person or persons to whom said title and alternative title are claimed to have been communicated, representing any of the defendants herein."

■ A copy of the plaintiff's script is to be found among the records of this case. The copy bears upon it the titles referred to. The amended complaint alleges that the plaintiff submitted this script to the defendant MCA in January, 1939. The time and manner of the communication of the titles to the said defendant is, therefore, evident. It is consequently unnecessary to grant this request in full; but beyond doubt, defendants are entitled to know to whom it is claimed the submission was made. Defendants are corporations, and can only act or communicate through agents, of whom there may be many. They should be apprized of the identity of the persons to whom it is claimed the communication was made.

■ Item 2(a) of the motion requests that the plaintiff furnish the approximate date or dates when defendant MCA, according to the allegations in the third paragraph of the amended complaint, made a request for submission of the continuity. This is a fair inquiry. Dates are usually of importance in such matters, and are normally necessary in order to complete any fact picture, and such dates are a conventional requirement in pleadings. Plaintiff argues that the request is for evidentiary detail, but this is not so. It is true that the said third paragraph mentions the date January, 1939, but this is the date of submission, and not the date of request. This item is granted.

■ Item 2(b) of the motion asks that the plaintiff specify the person or persons claimed to have made such requests on behalf of MCA. This item, too, is granted, for reasons already discussed.

Item 2(c) reads: "If such request was in writing, set forth a true and correct copy thereof; if it is claimed that such request was made orally, set forth the substance thereof;"

■ The item is granted as to the first part thereof. The last part is not granted. The substance of the request is simply the request.

Item 2(d) reads: "State the approximate date or dates when plaintiff claims he submitted the radio program continuity referred to in said paragraph to defendant, Music Corporation of America;"

■ The request is denied. The date is given in the amended complaint.

Item 2(e) reads: "Specify the person or persons representing the defendant, Music

334

Corporation of America, to whom plaintiff claims to have made such submission;"

■ This request is granted. The reasons have already been given with regard to other requests.

Item 2(f) reads: "If such submission was in writing, set forth a true and correct copy of any writing with respect thereto; if it is claimed that such submission was made orally, set forth the substance thereof;"

■ This request is denied. Any submission would only have consisted of showing some representative of the defendant the script. Any further details are already furnished in the amended complaint, or will be in compliance herewith.

Item 2(g) reads: "Specify with whom the understanding referred to in said paragraph is claimed to have been made;"

■ It is proper to request this information, since the averment to which it refers may become a substantive basis for the plaintiff's claim. The request is, therefore, granted.

Item 2(h) reads: "If such understanding is claimed to have been made with any of the defendants hereto, specify the person or persons on behalf of each of said defendants who it is claimed arrived at such understanding with plaintiff;"

■ This is a proper request, for obvious reasons, and is granted.

Item 2(i) reads: "If such understanding was in writing, set forth a true and correct copy thereof; if it is claimed that such understanding was made orally, set forth the substance thereof;"

■ The first half of this request is granted. Copies of essential writings—and if there was a writing in this connection, it would be essential—are a normal complement of pleadings. The last half of the request need not be granted, since the substance of the alleged understanding is already set forth in the amended complaint.

Item 3 of the motion asks for particulars with regard to the fourth and ninth paragraphs of the amended complaint.

■ Item 3(a) reads: "Specify what defendants are claimed to have entered into the arrangements referred to in said paragraph;"

The request is denied. Under the language of the pleading, reference is made to all the defendants.

Items 3(b), 3(c) and 3(d) read as follows:

"State the approximate date or dates when said arrangements are claimed to have been entered into;"

"If said arrangements are claimed to have been contained in writings, set forth true and complete copies thereof; if it is claimed that such arrangements were made orally, set forth the substance thereof;"

"Specify the person or persons claimed to have represented defendants, General Mills Company in said arrangements;"

■ These requests are denied. The information is peculiarly within the knowledge of the defendants, since the allegations refer to arrangements made solely between or among the defendants. If the arrangements were entered into, or if they were oral or written, it is something that the defendants know. As a matter of fact, the plaintiff could probably have made the allegations in those paragraphs upon inference, without knowledge of any precise circumstances. No disclosure is required here.

Item 3(e) of the motion reads: "Specify what orchestra it is claimed defendants retained in connection with the series of broadcasts referred to in said paragraph;"

■ The request is granted. It must be noted, however—as plaintiff points out in his brief—that the orchestra was named in the original complaint, and the defendant objected to it on the ground that it was immaterial and redundant.

Item 4 of the motion refers to the fifth paragraph of the amended complaint. It reads in part as follows:

"Specify as exactly as possible the material, ideas, suggestions, situations and scheme claimed to have been used and adopted by defendants as alleged in said paragraph;"

"Specify as exactly as possible the manner in which it is claimed defendants have used and adopted the material, ideas, suggestions, situations and program scheme of plaintiff's radio program continuity as alleged in said paragraph;"

■ This request is denied. If the defendants did not use the script, that ends the matter. If they did, and since they have a copy of the script, they know as well as the plaintiff what use they made of it. As a matter of fact, the language in paragraph five of the amended complaint

amounts to a charge that the defendants used everything of value in the script. The language therein is inclusive.

Item 4(c) reads as follows: "Specify which of the defendants is claimed to have made such use, copying and adoption;"

■ As already indicated, the averments for which specification is demanded refer to all defendants. The request is denied.

Item 4(d) reads as follows: "Specify the approximate date when it is claimed each of said defendants made such use, copying and adoption;"

■ This request is proper, for reasons already discussed, and is granted.

Item 4(e) reads as follows: "Specify the manner in which it is claimed that defendants benefitted as alleged in said paragraph;"

■ The request is denied. It is so obvious that the benefits referred to in the averments of the complaint are financial in character that there is no necessity for requiring the plaintiff to say so. The request is rather for argument and proof than for pleading.

Item 5 reads as follows:

"With respect to the allegations contained in paragraphs Sixth and Twelfth thereof:

"Set forth each and every item comprising the $25,000 damages claimed to have been suffered by plaintiff, and specify the method by which such damages were computed;"

■ The item is denied. It seems to call for pleading, but really calls for proof. A claim for damages is not necessarily susceptible of itemization. American Mint Corp. v. Ex-Lax, Inc., 260 App. Div. 576, 23 N.Y.S.2d 268; Tarbet v. Thorpe, D.C., 25 F.Supp. 222; United States ex rel. Marcus v. Hess, D.C., 1 F. R.D. 282; Kriesak v. Crow, D.C., 36 F. Supp. 127. The cases cited in the brief of General Mills Corp. and National Broadcasting Co., Inc. in support of this request are not in point. Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., D.C., 1 F.R.D 647.

■ Item 6 of the motion is directed to the 8th paragraph of the amended complaint. This item requests specification as to dates and other data of defendant's alleged submission of the plaintiff's script to others. The request is denied. Here again the information demanded is within the knowledge of the defendants, and not of the plaintiff. Upon familiar principles, I hold it unnecessary to grant this request.

Item 7 of the motion, referring to paragraph ten of the amended complaint, does little more than repeat the requests of items 4(a), 4(b) and 4(c) of the motion, and is denied for the same reasons.

Finally, I take up defendant MCA's motion for bill of particulars.

In paragraph A of the motion, MCA asks for the same particulars requested by the other defendants. The same disposition of that request is made as in the case of the others.

■ Item 3(f) of MCA's motion asks that the plaintiff specify the person or persons claimed to have represented Music Corporation of America in the arrangements set forth in the fourth and ninth paragraphs of the amended complaint. The arrangements referred to are the arrangements between or among the defendants (not between the plaintiff and any of the defendants). I have already said that such matters are within the knowledge of the defendant, and that the request should not be granted; I therefore deny it.

Item 3(g) of the motion reads as follows: "State whether plaintiff claims this defendant broadcast said program series, and, if in the affirmative, specify during what period of time and through what radio stations."

■ The first part of this request is granted. Defendant MCA is entitled to know whether it is charged merely with participating in an infringement as a result of which the plaintiff's radio program was broadcast, or whether it is claimed that this defendant itself did the broadcasting. As to the latter part of the request, asking for specification as to time and radio stations, the request is denied. If the defendant did not broadcast the program series, that ends it. If it did, it certainly knows through its own records the time when, and radio stations where, the broadcasts were made. Moreover, radio broadcasting under existing circumstances is so widespread that the plaintiff may at the present time know only incompletely when and where broadcasts were made, and may desire in the future, by interrogatories, to round out his knowledge.

■ Without repeating item 5 of the motion, I hold that it should be refused.

**336**

It asks either for argument, or for matter which is in the nature of proof, rather than pleading.

■ Likewise, I refuse item 6 of MCA's motion for a bill of particulars. It requests information peculiarly within the knowledge of the defendants, and normally not within the knowledge of the plaintiff.

Item 8 repeats the request of Item 5, and is refused for the same reasons.

All the other items in MCA's motion refer to that part of the amended complaint which begins with and follows paragraph 13 thereof; and all the said paragraphs come under the last two counts in the amended complaint. I have ordered the last two counts stricken, and there is no need, therefore, for consideration of the motion with regard thereto.

Let an appropriate order be submitted in accordance with this opinion.