Peter BENZONI et al., Plaintiffs,

v.

Don J. GREVE et al., Defendants.

Samuel GOLDMAN, etc., Plaintiffs,

v.

SEQUOYAH INDUSTRIES, INC., et al., Defendants (two cases).

Nos. 70 Civ. 3194, 71 Civ. 1467 and 71 Civ. 3598.

United States District Court, S. D. New York.

March 9, 1972.

---

Lipper, Keeley, Katcher, Lowey & Dannenberg, New York City, for all plaintiffs by Richard B. Dannenberg, New York City, and Wise, Roetzel, Maxon, Kelly & Andress, Akron, Ohio, for plaintiff Samuel Goldman.

Donovan, Leisure, Newton & Irvine, New York City, for defendants Sequoyah Industries, Inc., Don J. Greve, Jack G. Bush, Charles D. Purcell, Leon Carver, C. A. Hulme, Sanford D. Lee, Lewis E. Hunt, Jr., Neil Heaslip, Roscoe Johnson and Dan Hogan III.

Brown, Wood, Fuller, Caldwell & Ivey, New York City for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. and defendant underwriters except White, Weld & Co.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant J. Tom Watters.

Shearman & Sterling, New York City, for defendant White, Weld & Co.

### OPINION

BONSAL, District Judge.

These three actions arise out of an offering of 1.7 million shares of the stock of Sequoyah Industries, Inc. ("Sequoyah") made by Sequoyah and 43 selling stockholders, which offering was underwritten by a syndicate headed by Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and which included 133 underwriters. The offering was on a firm commitment basis, which means that the stock was sold to the underwriters and resold by them to the public. 828,916 shares were sold by Sequoyah, and 871,084 shares were sold by the sell-

ing stockholders. The price to the public was $14.75 a share.

All three actions are brought by purchasers of Sequoyah shares alleging that the registration statement and prospectus which became effective on September 24, 1969 contained false and misleading statements and failed to set forth certain material facts necessary to make the statements contained therein not misleading. All three actions are denominated as class actions.

The first action ("Benzoni action") was commenced in this court on July 24, 1970. The named defendants are Sequoyah; Merrill Lynch and 15 members of the syndicate of underwriters; ten of the selling stockholders who signed the Registration Statement, including Greve and Watters; Peat, Marwick, Mitchell & Co. and R. M. Frank & Co., Accountants. The first count of the complaint seeks damages under Section 11 of the Securities Act of 1933, and the second count seeks damages under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. It is alleged that Merrill Lynch underwrote 588,500 shares, and the other named underwriters underwrote 265,000 shares. By order filed July 8, 1971, Judge Weinfeld determined that the Benzoni action could be maintained—

> "as a class action on behalf of all persons, firms, or entities who, during the period commencing September 24, 1969 and ending February 16, 1970, acquired common stock of SEQUOYAH INDUSTRIES, INC. ("Sequoyah") registered under a registration statement filed with the Securities and Exchange Commission effective September 24, 1969 . . . irrespective of whether said stock was purchased from a member of the underwriting or selling group . . . or whether purchased in the open market between September 24, 1969 and February 16, 1970, inclusive . . .; provided, however, that this Order determining that this action may be

> maintained as a class action shall be conditional as to all claims of the aforesaid class which purport to be based upon alleged violations of §§ 10(b) and 27 of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder."

The second action, Goldman v. Sequoyah Industries, Inc., 71 Civ. 1467 ("Goldman action No. 1") was commenced on September 24, 1970 in the Northern District of Ohio, seeking damages under Section 11 of the Securities Act of 1933 on behalf of substantially the same class described in the Benzoni action. The named defendants are: Sequoyah; ten of the selling stockholders who signed the Registration Statement, including Greve and Watters; Peat, Marwick, Mitchell & Co. and R. M. Frank & Co., Accountants; and Merrill Lynch. Goldman No. 1 was transferred to this court by order dated March 24, 1971.

Goldman v. Sequoyah Industries, Inc., 71 Civ. 3598 ("Goldman action No. 2") was commenced on January 28, 1971 in the Northern District of Ohio, seeking damages or rescission under Section 12(2) of the Securities Act of 1933 on behalf of substantially the same class described in the Benzoni action. The named defendants are: Sequoyah, Greve personally and as representative of the selling stockholders, and Merrill Lynch individually and as representative of the underwriters. Goldman action No. 2 was transferred to this court by order dated August 3, 1971, the Ohio District Court finding that the claims, issues and parties in the Goldman action No. 2 and the Benzoni action "are essentially the same."

The plaintiffs in the three actions, who are now represented by the same attorneys, move for the following relief:

(1) the consolidation of the three actions;

(2) leave to serve a consolidated amended complaint;

(3) an order directing that the consolidated action be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

(4) an order establishing a plaintiff subclass in connection with the claims under Section 12(2) of the Securities Act of 1933, which would include all persons who purchased their shares directly from Sequoyah or any selling stockholder or underwriter named in the Registration Statement;

(5) an order establishing two defendant classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, the first, a class of selling stockholders to be represented by Greve, and the second, a class of underwriters to be represented by Merrill Lynch and the underwriters named as defendants in the Benzoni action.

*Plaintiffs' motion is disposed of as follows:*

(1) *Consolidation.*

The issue of whether the Registration Statement and Prospectus contained false statements or failed to state material facts necessary to make the statements contained therein not misleading presents a question of law and fact common to all three actions (Rule 42(a), F. R.Civ.P.).

■ Defendant Merrill Lynch does not oppose consolidation. One of the other underwriters, White, Weld & Co., opposes consolidation on the ground that any claims against it under Section 12(2) of the Securities Act are barred by the one-year statute of limitations provided in Section 13. However, a consolidation will not preclude any defendant from setting up a statute of limitations defense.

■ Sequoyah and certain selling stockholders oppose consolidation of Goldman action No. 2 on the ground that there is no privity as between them and plaintiffs in a Section 12(2) action since plaintiffs purchased their shares from the underwriters. See III Loss, Securities Regulation 1719 (1961 ed.). However, these defendants are named in the Benzoni action, and they will not be precluded from setting up lack of privity as a defense to the Section 12(2) claims. *Cf.* Miller v. Steinbach, 43 F.R.D. 275 (S.D.N.Y.1967); Cravatts v. Klozo Fastener Corp., 16 F.R.D. 454 (S.D.N.Y. 1954).

■ Therefore, plaintiffs' motion to consolidate the Benzoni action, Goldman action No. 1 and Goldman action No. 2 is granted.

(2) *Leave to serve a consolidated amended complaint.*

■ Plaintiffs' motion for leave to serve a consolidated amended complaint is granted, provided that it shall conform to rulings made in this opinion. The amended consolidated complaint will be served within 20 days after the filing of the order to be made hereunder.

(3) *An order directing that the consolidated action may be maintained as a class action under Rule 23.*

■ Judge Weinfeld has directed that the Benzoni action may be maintained as a class action, but he provided that class status was conditional as to claims alleged under Section 10(b) of the Securities Exchange Act and Rule 10b–5. In so doing, Judge Weinfeld has determined that the Benzoni action met the requirements of Rule 23. Like the Benzoni action, Goldman action No. 1 and Goldman action No. 2 present a common question of law and fact with respect to the accuracy of the Registration Statement and Prospectus which predominates over any questions affecting individual plaintiffs. (Rule 23(b) (3), F.R.Civ.P.) *See* Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60 (S.D.N.Y.1969); Weiss v. Tenney Corp., 47 F. R.D. 283 (S.D.N.Y.1969); Mersay v. First Republic Corporation of America, 43 F.R.D. 465 (S.D.N.Y.1968). Accordingly, plaintiffs' motion for an order

that the consolidated action may be maintained as a class action under Rule 23 is granted. The plaintiffs will be as described in Judge Weinfeld's order of July 8, 1971, and the conditional class status as to the 10b–5 claims is continued.

(4) *An order establishing a plaintiff subclass for the Section 12(2) claims.*

Section 12(2) of the Securities Act provides that any person who sells a security under the proscribed conditions,

"shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

Professor Loss has noted:

"[I]t seems quite clear that § 12 contemplates only an action by a buyer against *his immediate seller.* That is to say, in the case of the typical 'firm commitment underwriting', the ultimate investor can recover only from the dealer who sold it to him." (emphasis in original.) III Loss, Securities Regulation 1719 (1961 ed.). *See* Winter v. D. J. & M. Investment and Construction Corp., 185 F.Supp. 943 (S.D.Cal.1960); *see also* Demarco v. Edens, 390 F.2d 836, 841, n. 3 (2d Cir. 1968).

Plaintiffs seek the establishing of a plaintiff subclass to include all persons who purchased their Sequoyah shares directly from Sequoyah or from any selling stockholder or from any underwriter named in the Registration Statement. Since the underwriting was on a firm commitment basis, there is no reason to believe that any of the plaintiffs purchased their shares directly from Sequoyah or from the selling stockholders, or, if they did, that such purchases were made in connection with the public offering or on the basis of the representations made in the Registration Statement and Prospectus. However, persons who purchased directly from an underwriter may seek rescission under Section 12(2) of the Securities Act in addition to their other remedies.

■■ Accordingly, plaintiffs' motion is granted only to the extent that a plaintiff subclass is established to include persons who acquired their Sequoyah shares directly from the underwriters or any of them during the period commencing September 24, 1969 and ending February 16, 1970 and who continue to hold their shares. Any such person who has disposed of his shares has only an action for damages and is therefore in the same position as the other members of the class established by Judge Weinfeld's order, as applied to the three actions hereinbefore provided.

(5) *An order establishing two defendant subclasses.*

■ Plaintiffs seek an order designating a class of defendant selling stockholders to be represented by Greve, and designating a class of defendant underwriters to be represented by Merrill Lynch.

In view of the differences between Greve and Watters brought out in the opposing affidavits, the court cannot say that Greve will fairly and adequately protect the interests of the selling stockholders. (Rule 23(a) (4), F.R.Civ.P.)

With respect to the underwriters, there is no showing at this stage that the underwriters other than Merrill Lynch made no investigation of the accuracy of the Registration Statement and the Prospectus (Escott v. BarChris Construction Corp., 283 F.Supp. 643 (S.D.N.Y.1968). In view of their potential liability under the *BarChris* case, the court is not prepared to rule at the plaintiffs' behest that Merrill Lynch will adequately protect the interest of the underwriters, or that underwriters who

have not previously been made parties should be bound by a class adjudication. Indeed, as Merrill Lynch points out, many would probably opt out of the class if it were established.

In the interests of the efficient management of the litigation, the defendant selling stockholders and defendant underwriters should take measures to provide for lead counsel, to simplify the service of papers and to provide for common discovery.

For the foregoing reasons, plaintiffs' motion to establish two subclasses of defendants is denied.

Settle order on notice.