Gustave E. THAYER, Dorothy K. Thayer and Dorothy L. Fettes, Plaintiffs,

v.

SHEARSON, LOEB, RHOADES, INC. and Mike Palazzo, Defendants.

Joseph E. WEBER, Plaintiff,

v.

SHEARSON, LOEB, RHOADES, INC. and Michael Palazzo, Defendants.

Civ. Nos. 80-802, 81-277.

United States District Court, W.D. New York.

Feb. 3, 1983.

Paul H. Reid, Jr., Niagara Falls, N.Y., Gerald Grace, Jr., Buffalo, N.Y., for plaintiffs.

Edward J. Wagner, Buffalo, N.Y., for defendants.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiffs in these actions allege that the defendant brokerage firm (Shearson, Loeb, Rhoades, Inc. ["Shearson"]), acting through the individual defendant broker (Palazzo), engaged in "churning" of their stock accounts in violation of the Securities Exchange Act of 1934. In CIV-81-277, plaintiff Weber has moved for a joint trial of the cases.[1] Defendants oppose a joint trial of the actions, and have themselves moved for an order in CIV-80-802 directing that the claims of the plaintiff Fettes be tried separately from the claims of the parties Thayer. Fettes and the Thayers do not oppose a joint trial of their claims with Weber's claims in CIV-81-277, but they vigorously oppose defendants' motion to a separate trial of their own respective claims. Discovery is essentially complete in both cases.

Churning is a practice whereby a securities broker enters into or induces transactions on his client's behalf for the purpose of generating commissions and in disregard of his client's investment interests. Churning is actionable under section 10(b) of the Securities Exchange Act of 1934 where the broker exercises control over the client's account and engages in excessive trading in light of the client's investment objectives with the intent to defraud or with willful and reckless disregard of the client's interests. *E.g., Miley v. Oppenheimer & Co., Inc.,* 637 F.2d 318, 324 (5th Cir.1981); *Mihara v. Dean Witter & Co., Inc.,* 619 F.2d 814, 820-21 (9th Cir.1980); *Newburger, Loeb & Co., Inc. v. Gross,* 563 F.2d 1057, 1069 (2d Cir.1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978).

1. Weber's motion refers to Fed.R.Civ.P. rule 20, but it is apparent that his motion has actually been made pursuant to Fed.R.Civ.P. rule 42(a).

The current motions present the question whether plaintiffs' allegations raise common questions of law or fact suitable for joint trial. Fed.R.Civ.P. rule 42(a) provides:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in the issue in the actions * * *."

Defendants argue that the claims of Weber, Fettes and the Thayers present distinct factual and legal questions. Thus, they contend that Fettes's and the Thayers's claims should be tried separately under Fed.R. Civ.P. rule 42(b) and that Weber's motion to jointly try his claims with those of Fettes and the Thayers should be denied. All of the plaintiffs contend that their claims involve common questions of law and fact.

I am persuaded by plaintiffs' arguments and therefore conclude that their claims should all be tried jointly. The overriding question common to all of the plaintiffs' claims is whether Palazzo's activity amounted to churning. Additionally, the question whether Shearson was aware of or should have been aware of Palazzo's conduct is common to the plaintiffs' claims.

Certainly, there are questions which will be unique to each plaintiff, such as the nature of specific conversations and representations between Palazzo and and each plaintiff. The individual investment objectives of each plaintiff will also present different issues. The existence of different issues with respect to each of the plaintiffs does not, however, preclude a joint trial. Rule 42(a) does not require complete identity of legal and factual questions.

Moreover, the issue of defendants' liability for churning with respect to each plaintiff arises in extremely similar circumstances. All of the plaintiffs complain of conduct by the same individual broker during the same time periods. Apparently, plaintiffs were all retired during the time that defendants managed their accounts and presumably had similar investment objectives. Perhaps mostly importantly, defendants executed several identical transactions at the same time for each of the plaintiffs. Questions concerning Palazzo's intent and Shearson's standard of care with respect to these transactions are common to all of the plaintiffs' claims.

Defendants are technically correct that plaintiffs' claims do not involve the very same transactions, inasmuch as Weber, Fettes and the Thayers maintained separate accounts. Nevertheless, defendants' opposition to a joint trial of these cases is based on an overly restrictive view of rule 42(a). In *Benzoni v. Greve,* 54 F.R.D. 450 (S.D.N.Y.1972), the court consolidated three actions based on alleged misrepresentations committed in the sale of stock in Sequoyah Industries, Inc. *Benzoni* demonstrates that a joint trial may be appropriate even though the very same transactions do not form the basis for the different plaintiffs' claims.

Conducting a joint trial will further the purposes of rule 42(a). Much of the evidence in the cases will no doubt be unique as to each plaintiff, but it also appears that there will be substantial overlap among the plaintiffs' claims. Eliminating duplicitous testimony will further judicial economy. Furthermore, any danger of potential prejudice to defendants by a joint trial can be significantly reduced through appropriate jury instructions.

Based on the foregoing discussion, Weber's motion for a joint trial of CIV–80–802 and CIV–81–277 is hereby ORDERED granted. Defendants' motion for a separate trial of Fettes's and the Thayers' claims is hereby ORDERED denied.