Robert CRAVATTS, Plaintiff,

v.

KLOZO FASTENER CORP., Murray Lemberg, Victor Gilbert and Meyer Greenhause, Defendants.

United States District Court
S. D. New York.

Sept. 20, 1954.

See also 15 F.R.D. 12.

Leo E. Sherman, New York City, for plaintiff.

Morris A. Pomeranz, New York City, for defendant.

BICKS, District Judge.

Plaintiff seeks (a) an order directing the issuance of a supplemental summons to bring in as parties defendant the executors of a deceased defendant and (b) permission to serve an amended complaint. Only so much of this application as seeks leave to serve an amended complaint is resisted.

Defendants contend that this Court is without jurisdiction to entertain the first of the four causes of action attempted to be pleaded in the amended complaint and that it, as well as the remaining three are without merit. The first cause of action is based upon an alleged agreement among the stockholders of the corporate defendant which in part provides for the election of the plaintiff as a director and that the failure or refusal to so elect plaintiff "shall constitute sufficient grounds for an immediate dissolution of the corporation". Defendants urge that the corporate defendant owes its existence to the laws of the State of New York and, therefore, that only the State of New York has the power to devitalize it. Plaintiff meets this contention with the suggestion that it does not seek from this Court a decree of dissolution but rather one compelling the individual defendants to specifically perform the alleged agreement.

The proposed amended pleading is less than a model of good draftsmanship. I am persuaded, however, that the first cause of action is susceptible of the construction urged by the plaintiff. See Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; Virgin Islands Corp. v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61. On a motion for leave to amend it is not generally the function of the Court to pass upon the sufficiency of the proposed pleading. See Neuss Hesslein & Co. v. Carolina Freight Carriers Corporation, D.C.S.D.N.Y.1949, 9 F.R.D. 695; 3 Moore's Federal Practice p. 834 and cases cited.

Motion granted.