Irving MILLER, Plaintiff,

v.

Milton STEINBACH et al., Defendants.

66 Civ. 356.

United States District Court
S. D. New York.

Dec. 6, 1967.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiff. Stanley L. Kaufman, Shephard S. Miller, New York City, of counsel.

Sullivan & Cromwell, New York City, for all defendants except Evans and Goldman, Sachs & Co. Arthur H. Dean, Robert MacCrate, Thomas E. Patton, New York City, of counsel.

White & Case, New York City, for defendant T. M. Evans.

Shea, Gallop, Climenko & Gould, New York City, for defendant Goldman, Sachs & Co.

Fine, Posner & Tofel, New York City, Appearing Specially on Behalf of Milton Berzin. Burton M. Fine, Robert L. Tofel, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff Irving Miller moves, pursuant to Rules 21, 15(a), and 4(i) (1) (D), F.R.Civ.P., to join as additional party defendant, Milton Berzin, to amend his complaint, and to serve the amended complaint on Berzin.

In his original complaint, plaintiff, a former shareholder of the Baldwin-Lima-Hamilton Corporation (BLH), brought this derivative action, on behalf of himself and other former BLH shareholders similarly situated, against defendants Armour and Company (Armour); former officers and directors of BLH; T. M. Evans, a former shareholder of BLH; Goldman, Sachs & Company and Wertheim & Company, New York investment banking partnerships; and others.

In the first count of the original complaint, plaintiff alleged that the defendants violated Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j and 78n(a) (1964)) and Rules 10b-5, 10b-6, and 14a-9 (17 C.F.R. §§ 240.10b-5, 240.10b-6, and 240.14a-9) promulgated pursuant thereto, in that they conspired to merge Armour and BLH by the use of manipulative and deceptive devices. These devices included using false and misleading proxy statements and causing Evans to discontinue a derivative action which he had brought in the United States District Court for the Eastern District of Pennsylvania (the Evans action).

In the second count of the original complaint, plaintiff alleged that Armour purchased BLH stock for an inadequate consideration; and that Evans violated his fiduciary duty to the corporation and other shareholders by discontinuing his action.

Defendants moved for summary judgment dismissing the original complaint. On April 3, 1967, Judge Tenney dismissed the first count of the complaint as to Evans (the dismissed count) on the ground that there was no causal connection between the exchange of the BLH shareholders' stock pursuant to the merger and the subsequent sale of stock by Evans when he discontinued his action and, therefore, that the first count did not state a claim under Section 10(b) or Rule 10b-5.

Judge Tenney also held that there were no material omissions from the BLH proxy statement with respect to the amount to be paid dissenters or to the alleged "adverse interests" of defendant Elmendorf, and that, as a matter of law, there was no material misrepresentation or omission in the BLH proxy statement concerning the value of the Armour package of securities which was exchanged for BLH common stock.

Finally, Judge Tenney struck the second count of the original complaint as to Armour (the stricken count), finding that the consideration paid by Armour for the BLH stock was adequate. He denied the defendants' motions for summary judgment dismissing the complaint. Miller v. Steinbach, 268 F.Supp. 255 (S. D.N.Y.1967.)

## Motion to Amend the Complaint

 Plaintiff's proposed amended complaint contains allegations which are identical to those in the original complaint, including the dismissed and stricken counts and the allegations which Judge Tenney found presented no material issues. Although under Rule 15(a), F.R.Civ.P., motions for leave to file amended complaints are liberally granted without scrutinizing the legal sufficiency of the proposed pleadings, Riss & Co. v. Local 107 of International Brotherhood, 27 F.R.D. 7 (E.D.Pa.1961), see Cravatts v. Klozo Fastener Corp., 16 F.R.D. 454, 455 (S.D.N.Y.1954), the allegations of the proposed amended complaint which seek to circumvent Judge Tenney's decision will not be permitted. Higgins v. Shenango Pottery, 12 F.R.D. 510, 513 (W.D.Pa.1952); Buckley v. Music Corporation of America, 2 F.R.D. 328, 332 (D.Del.1942) (Kalodner, J.); see Saper v. Long, 131 F.Supp. 795, 797 (S.D.N.Y.1955); United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 131 F.2d 545 (2d Cir. 1942), aff'd, 320 U.S. 711, 64 S.Ct. 187, 88 L.Ed. 417 (1943).

 Plaintiff contends that he should be allowed to reallege the dismissed and stricken counts and the allegations presenting no material issues because Judge Tenney did not expressly determine, pursuant to Rule 54(b), F.R.Civ.P., that there was "no just reason for delay" and did not direct entry of final judgment against the plaintiff as to those counts and allegations. Plaintiff argues that, according to Rule 54(b), Judge Tenney's "decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." In this case, however, certification of no just reason for delay and entry of final judgment would not have enabled plaintiff to appeal Judge Tenney's decision. Where a complaint contains only a single claim for relief and a district judge grants summary judgment as to part of the single claim, an appeal, even with the district court's certification that there is no just reason for delay, is premature, McNellis v. Merchants National Bank, 2d Cir. November 24, 1967, 385 F.2d 916; Rabekoff v. Lazere & Co., 323 F.2d 865 (2d Cir. 1963); Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339 (2d Cir.), cert. denied, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963). Here, the complaint presents claims against multiple parties; Judge Tenney dismissed one claim against Evans and one against Armour. Both Evans and Armour remain as defendants as to other claims. Therefore, an appeal from Judge Tenney's decision would have been premature. See Backus Plywood Corp. v. Commercial Decal, Inc., supra, at 341.

Whether an appeal may be taken from an order dismissing a claim is a different question from whether the order has any effect on subsequent proceedings. There is no evidence that circumstances have changed since Judge Tenney's order so as to warrant a different result than he reached. See Ross Products, Inc. v. New York Merchandise Co., 242 F.Supp. 878 (S.D.N.Y.1965).

 The second count of the proposed amended complaint as to Berzin alleges that Berzin violated his common law fiduciary duty by (1) discontinuing a derivative action brought by him in this court against Armour and other defendants (the Berzin action), and (2) selling his BLH stock to Armour. Judge Tenney refused to dismiss a similar allegation against Evans. Defendants urge that Berzin was not a fiduciary because he failed to verify his complaint pursuant to then-Rule 23(b), F.R.Civ.P. This lack of verification is not material and, indeed, under the present rule, effective July 1, 1966, no verification is required (compare Rule 23, F.R.Civ.P. with prior Rule 23(b)). Plaintiff may amend his complaint to include the second count of the proposed amended complaint against Berzin.

■ In his proposed amended complaint, plaintiff asserts a claim for punitive damages against Armour, Evans, and Berzin. Defendants contend that this claim should be stricken from the complaint pursuant to Rule 12(f), F.R. Civ.P., as prejudicial and scandalous. Plaintiff alleges that the BLH proxy statement and accompanying letter falsely stated the earnings record of Armour and did not state that stabilization transactions had been effected which kept Armour's market price at artificially high levels, or that a shareholder's derivative action had been instituted by a BLH shareholder; and that Evans and Berzin breached their fiduciary duties to BLH and BLH shareholders by discontinuing their actions and selling their stock to Armour. The foregoing is sufficient to support a claim for punitive damages, Walker v. Sheldon, 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961); see Farowitz v. Associated Musicians of Greater New York, 241 F.Supp. 895 (S.D.N.Y.1965); Szekely v. Eagle Lion Films, 140 F.Supp. 843 (S.D.N.Y. 1956), aff'd, 242 F.2d 266 (2d Cir. 1957), cert. denied, 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437 (1957).

### Motions to Add Berzin as Party Defendant and Serve him in France

■ Plaintiff moves to add Berzin as a defendant under Rule 21, F.R.Civ.P. Since the plaintiff may serve an amended complaint adding a claim against Berzin, he may also add Berzin as a defendant under Rule 21, since by doing so a multiplicity of suits will be avoided.

■ Plaintiff seeks to serve Berzin, a resident of France, under Rule 4(i)(1)(D), F.R.Civ.P., providing that service may be made by mail on a party in a foreign country when out-of-state service is authorized by federal or state law. Section 302, New York C.P.L.R., provides that a court may exercise personal jurisdiction over any non-domiciliary who "commits a tortious act within the state," and Section 313, New York C.P.L.R., provides that a person may be served outside the state if he is subject to the jurisdiction of the court under Section 302. Since it is alleged that Berzin discontinued the derivative action in the Southern District of New York, service on Berzin may be made on him by mail.

Plaintiff's motions to add Berzin as a defendant and to authorize service by mail are granted. Plaintiff's motion to amend the complaint is denied with respect to the allegations in the proposed amended complaint (1) that Evans and Berzin violated Section 10(b) and Rule 10b–5 by discontinuing their derivative actions and selling their BLH stock to Armour; (2) that the proxy statement misrepresented or omitted information with respect to the amount to be paid dissenters, the alleged "adverse interests" of defendant Elmendorf, and the value of the Armour package of securities; and (3) that Armour paid inadequate consideration for the BLH stock. Plaintiff's motion to amend the complaint is granted as to the remaining allegations of the proposed amended complaint.

Settle order on notice.