UNITED STATES of America, Plaintiff,

v.

STATE OF NEW YORK, William G. Connelie, Superintendent, New York State Police, Michael M. Ruddy, Daniel Voght, James W. Haker, Brendan Moran, Keith A. Gutbrodt, Donald J. Hudson, Jr., James C. Cox, Michael D. DiCamillo, and Edward K. Ludlum, Defendants.

No. 77–CV–343.

United States District Court, N. D. New York.

Oct. 20, 1978.

Griffin B. Bell, Atty. Gen. of U. S., Drew S. Days, III, Asst. Atty. Gen., Civil Rights Division, U. S. Dept. of Justice, Washington, D. C., Teresa M. Holland, Thomas R. Bagby, David L. Rose, Washington, D. C., of counsel), George H. Lowe, U. S. Atty., N. D. N. Y., Albany, N. Y. (Terrence M. Kelly, Asst. U. S. Atty., Albany, N. Y., of counsel), for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of N. Y., Albany, N. Y. (John Q. Driscoll, Henderson G. Riggs, Joseph A. Romano, Asst. Attys. Gen., Albany, N. Y., of counsel), for defendants State ·of New York and William G. Connelie, Superintendent, New York State Police, New York State Dept. of Law.

## MEMORANDUM–DECISION and ORDER

### JAMES T. FOLEY, Chief Judge.

This lawsuit was commenced on September 8, 1977, by the Attorney General of the United States and charged, in one count, the State of New York and William G. Connelie, Superintendent of the New York State Police, with a "pattern or practice" of resistance to the full enjoyment of rights secured by Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq., as amended*), the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. §§ 3701 *et seq.,* as amended), the State and Local Fiscal Assistance Act of 1972 (31 U.S.C. §§ 1221 *et seq.,* as amended), and the Fourteenth Amendment.

On November 18, 1977, this Court granted defendants' motion to dismiss that portion of the complaint which alleged jurisdiction under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, on the ground that the Attorney General was not presently authorized to independently institute a "pattern of practice" suit pursuant to Title VII. Then, by order filed January 5, 1978, nine individuals were joined as parties defendant who were at that time challenging in state court past efforts of the New York State Police to hire minority employees. *See Prate v. Freedman,* 583 F.2d 42, 45–46 (2d Cir. 1978).

Thereafter, extensive discovery was conducted. Trial on the merits commenced on May 31, 1978, and was concluded on July 21, 1978, for a total of 24 trial days. No appearance was made by the nine individuals joined as parties defendant by order of the Court. As of yet, this Court has not issued its decision on the merits of plaintiff's claim.

During the trial, counsel for the plaintiff mentioned the possibility of reasserting Title VII as an additional basis for suit. Now before this Court, and brought on by notice of motion filed August 17, 1978, is plaintiff's motion for reconsideration of this Court's memorandum-decision and order of November 18, 1977, dismissing the Title VII allegations raised in this action and for an order reinstating those allegations, or in the alternative, for leave to file an amended complaint including allegations of a "pat-

tern or practice" of discrimination in violation of Title VII.

## DISCUSSION

On February 23, 1978, the President, pursuant to 5 U.S.C. §§ 901 *et seq.*, submitted to Congress a plan to consolidate Federal Equal Employment Opportunity Activities (Reorganization Plan No. 1 of 1978). *See U.S.Code Cong. & Admin.News*, pp. 9795–9800 (1978). This plan, among other things, vests the Attorney General with authority to independently initiate "pattern or practice" suits against public sector employers. Reorganization Plan No. 1 of 1978, § 5, *reprinted in U.S.Code Cong. & Admin. News*, p. 9800 (1978). The plan took effect when neither House of Congress passed a resolution disfavoring it within the 60-day period prescribed by statute for disapproval of such a plan. *See* 5 U.S.C. § 906.

Thereafter, on June 30, 1978, President Carter issued Executive Order Number 12068 declaring:

. . . [I]n order to *clarify* the Attorney General's authority to initiate public sector litigation under Section 707 of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. 2000e–6), it is ordered as follows:

1–1. SECTION 707 FUNCTIONS OF THE ATTORNEY GENERAL

1–101. Section 5 of Reorganization Plan Number 1 or 1978 . . . shall become effective on July 1, 1978.

1–102. The functions *transferred* to the Attorney General by Section 5 of Reorganization Plan Number 1 of 1978 shall, consistent with Section 707 of Title VII of the Civil Rights Act of 1964, as amended, be performed in accordance with Department of Justice procedures heretofore followed under Section 707.

(emphasis added), *reprinted in U.S.Code Cong. & Admin.News*, p. 9729 (1978).

In my judgment, plaintiff's request for reconsideration of my memorandum-decision and order of November 18, 1977, should be denied. *See United States v. Board of Education*, 581 F.2d 791 (6th Cir. 1978), *aff'g* 435 F.Supp. 949 (N.D.Ohio 1976);

*United States v. South Carolina*, 445 F.Supp. 1094 (D.S.C.1977) (three-judge court), *aff'd mem. sub nom. National Education Association v. South Carolina*, 434 U.S. 1026, 98 S.Ct. 756, 54 L.Ed.2d 775 (1978); *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 354 n.39, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Nonetheless, I believe it appropriate for the Court to grant plaintiff's alternative request for leave to file an amended complaint with allegations based on Title VII.

Initially, it should be pointed out that courts have shown a strong liberality in allowing amendments under Rule 15(a), Fed.R.Civ.P., in recognition of the principle that controversies should be decided on the merits whenever practicable. *See United States v. Hougham*, 364 U.S. 310, 316–17, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). Indeed, Rule 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

The amended complaint proposed by plaintiff would not substantially change the theory of liability now contained in the complaint. The allegations based on Title VII arise out of the same occurrences that form the basis for plaintiff's action premised on the Omnibus Crime Control and Safe Streets Act of 1968, *supra*, and the State and Local Fiscal Assistance Act of 1972, *supra*. Furthermore, if plaintiff's complaint had properly alleged Title VII as a basis for suit when this action was commenced, the evidence received at trial would have been the same. *Cf. Purofied Down Products Corp. v. Travelers Fire Insurance Co.*, 278 F.2d 439, 444–45 (2d Cir. 1960); Fed.R.Civ.P. 15(b).

This fact is substantiated by Defendants' Trial Memorandum, filed May 26, 1977, and submitted by the State of New York and William G. Connelie, Superintendent of the New York State Police, which relies on Title VII cases as controlling in this lawsuit. That Title VII standards govern plaintiff's claim pursuant to the Omnibus Crime Control and Safe Streets Act of 1968, *supra*, and the State and Local Fiscal As-

sistance Act of 1972, *supra*, is further supported by legislative history, agency regulations, and decisional law. *See, e.g.,* H.R. Rep.No.1723, 94th Cong., 2d Sess. 32 (1976); 31 C.F.R. §§ 51.50, 51.53(b) (1977); *United States v. City of Chicago,* 549 F.2d 415, 439–40 (7th Cir.), *cert. denied,* 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977); *United States v. City of Buffalo,* 457 F.Supp. 612, 619–620 (W.D.N.Y.1978).

In my judgment, the only difference that will be made by these additional averments dealing with Title VII is that the scope of possible relief will be broadened. Such a possibility, however, does not foreclose this Court's ability to grant leave to amend. *See Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 561 (S.D.N.Y.1976).

In light of the particular circumstances of this case I perceive no prejudice to defendants in allowing plaintiff to amend its complaint in accordance with the law as it now stands. Defendants' trial strategy and defense of this lawsuit would not have been different had Title VII itself been unquestionably applicable at the outset of trial. Similarly, in the context of this case, defendants cannot claim to have been prejudiced by plaintiff's submission of this motion after the conclusion of trial. *See, e.g.,* 28 U.S.C. § 1653; *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hospital Association of New York State, Inc. v. Toia,* 577 F.2d 790, 796 (2d Cir. 1978); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1488 (1971).

It should also be noted that by permitting plaintiff to file an amended complaint, as proposed, the defendants are assured of avoiding the possibility of future litigation brought by the plaintiff under Title VII alone.

Moreover, the appropriateness, in a lawsuit such as this, of allowing the Attorney General to file an amended complaint with allegations based on Title VII and in accordance with Reorganization Plan No. 1 of 1978 is amply supported by Supreme Court decisions. *See, e.g., Washington v. Davis,* 426 U.S. 229, 238 n.10, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *id.* at 440, 95 S.Ct. 2362 (Marshall, J., concurring); *Bradley v. School Board,* 416 U.S. 696, 711–16, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *United States v. Alabama,* 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1962) (per curiam).

Furthermore, in my judgment, the Attorney General in this lawsuit has satisfied whatever prerequisites are necessary for initiation of a "pattern or practice" suit brought under Title VII. *United States v. New York,* 77–CV–343, at 2 (N.D.N.Y. November 18, 1977). *See, e.g., United States v. Masonry Contractors Association,* 497 F.2d 871, 876 (6th Cir. 1974); *United States v. Baltimore County,* H78–836, at 7–10 (D.Md. July 3, 1978).

## CONCLUSION

Accordingly, Plaintiff's request for reconsideration of my memorandum-decision and order of November 18, 1977, is denied. Plaintiff's alternative request, however, is hereby granted and plaintiff is granted leave to file an amended complaint with allegations based on Title VII of the Civil Rights Act of 1964, as amended.

Furthermore, to keep the filings in this already voluminous lawsuit at a minimum, plaintiff's original complaint shall now be deemed plaintiff's amended complaint. In addition, the answer of defendants State of New York and William G. Connelie, Superintendent of the New York State Police, shall be deemed to be in response to plaintiff's amended complaint.

It is so Ordered.