Nora Lee HALPERT, Plaintiff,

v.

WERTHEIM & CO., INC., Defendant.

No. 77 Civ. 6021.

United States District Court,
S. D. New York.

March 10, 1979.

Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff; Robert S. Churchill, Jonathan M. Plasse, New York City, of counsel.

Reavis & McGrath, New York City, for defendant; James P. Durante, Douglas P. Catalano, Ralph C. Dawson, New York City, of counsel.

OPINION

SWEET, District Judge.

Plaintiff, Nora Lee Halpert ("Halpert"), seeks to amend her complaint pursuant to Rule 15(a), Fed.R.Civ.P., to add a claim arising under 42 U.S.C. § 2000e–3(a), alleging retaliatory conduct by the defendant, Wertheim & Co., Inc. ("Wertheim"). The complaint, originally filed in December, 1977, charges Wertheim with having discriminated against Halpert on the basis of her sex. The action giving rise to the alleged retaliatory conduct was Wertheim's attempt to arbitrate Halpert's claim.

On August 5, 1977, Wertheim terminated the plaintiff's employment, allegedly on the basis of her sex. Plaintiff filed a complaint concerning such termination with the Equal Employment Opportunity Commission ("EEOC") alleging discriminatory conduct by the defendant for the time period up to and including the termination. There was no allegation of any continuing conduct by the defendant and no amendment to the complaint has been filed. Plaintiff, after receiving a right to sue letter from the EEOC, commenced this action; the complaint contains allegations similar to those filed with the EEOC. Plaintiff now moves this court to allow her to amend that complaint. For the reasons set forth herein, the motion is denied.

Rule 15(a), Fed.R.Civ.P., provides, in pertinent part, as follows:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court, in *Forman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), recognized that this rule should be liberally construed and stated:

If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given." *Id.* at 182, 83 S.Ct. at 230.

However, Wertheim asserts that since the claim of retaliatory conduct was not submitted to the EEOC Halpert has not satisfied the jurisdictional requirement of 42 U.S.C. § 2000e et seq., i. e., that the charge be filed with the EEOC within the time period proscribed by the statute. There is no question that the original complaint satisfied this requirement. Similarly, there is no dispute that the retaliatory conduct charge was not separately submitted to the EEOC and that unless such claim is found to be of a continuing nature, or related to the original charges, the jurisdictional requirement of filing with the EEOC will not be met. If the complaint, as amended, could not withstand a motion to dismiss, a motion to amend need not be granted. *De-Loach v. Woodley,* 405 F.2d 496 (5th Cir. 1968).

Halpert's assertion that the unlawful practice complained of in the amendment was of a continuous nature is unpersuasive. Although the retaliatory conduct may continue to date, it was not of a continuing nature vis a vis the original allegations filed with the EEOC. The retaliatory conduct here alleged is completely separate and distinct from the conduct originally complained of—discrimination based upon sex as opposed to retaliatory conduct in seeking arbitration of the dispute; in fact, relief is sought under different statutory provisions. Therefore, there has been no tolling of the time period in which to file with the EEOC. *See generally, Smith v. American President Lines, Ltd.,* 571 F.2d 102 (2d Cir. 1978).

Plaintiff also asserts that amendment should be allowed pursuant to Rule 15(c), Fed.R.Civ.P., in that the retaliatory conduct claim arose out of the conduct, transaction or occurrence set forth in the complaint and therefore relates back to the filing of the original pleading. The scope of the original complaint herein is limited by the scope of the original complaint filed with the EEOC (*see Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970)); similarly, this court can allow the amendment only if it would have related back to the complaint filed with the EEOC. *See*

**736**

EEOC v. Bailey Co., Inc., 563 F.2d 439 (6th Cir. 1977), cert. denied, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978).

When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.

Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973); see also Ostapowicz v. Johnson, 541 F.2d 394 (3d Cir. 1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). Although the retaliatory conduct arose during the time period the original charges were pending with the EEOC, such conduct would relate to the original charges only if it was a related event within the scope of the EEOC investigation—that is, whether it could reasonably be expected to grow out of the charge of sex discrimination. Smith v. American President Lines, Ltd., supra at 107 and n. 10.

This court has not been persuaded that the defendant's request for arbitration was related to, or arose out of, the alleged sex discrimination. Each gives rise to a separate action, the success or failure of which is not dependent upon the other. See EEOC v. Kallir, Phillips, Ross, Inc., 401 F.Supp. 66, 70 n. 6 (S.D.N.Y.1975), aff'd, 559 F.2d 1203 (2d Cir.) cert. denied, 434 U.S. 829, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). Further, the retaliatory conduct is not of the type that could reasonably be expected to grow out of the discrimination here alleged, nor is there any allegation that the EEOC investigation encompassed a review of this conduct. See generally Ferguson v. Mobil Oil Corp., 443 F.Supp. 1334 (S.D.N.Y. 1978). But see Bernstein v. National Liberty Intern. Corp., 407 F.Supp. 709 (S.D.Pa. 1976).[1]

Based upon the foregoing, plaintiff has not satisfied the jurisdictional requisites to maintain an action premised upon the arbitration sought by the defendant. The alleged retaliatory conduct was not related to the original charges filed with the EEOC and to bring it into the ambit of this court's jurisdiction, action first was required at the EEOC. The motion to amend the complaint is denied. The parties are directed to submit to this court a pre-trial order and briefs on April 7, 1979.

IT IS SO ORDERED.

---

1. This court does not interpret Bernstein as holding that in all situations retaliatory conduct relates to the original claim. Instead, Bernstein is limited to the facts therein. In this situation the allegation in the amended complaint would not have been the subject of an EEOC investigation growing out of Halpert's original charges.