## In Re INVESTORS FUNDING CORPORATION OF NEW YORK SECURITIES LITIGATION.

James BLOOR, as Trustee Pursuant to Chapter X of Title 11 of the United States Code of the Estates of Investors Funding Corporation of New York, etc., Plaintiff,

v.

Jerome DANSKER, et al., Defendants.

MDL No. 290 (WCC).

No. 76 Civ. 4679 (WCC).

United States District Court,

S.D. New York.

Dec. 6, 1983.

On Motion for Reargument Jan. 4, 1984.

See also 566 F.Supp. 193.

---

Anderson, Russell, Kill & Olick, P.C., New York City, for plaintiff; Nicholas J. Zoogman, New York City, of counsel.

Obermaier, Morvillo & Abramowitz, P.C., New York City, for defendant Jerome Dansker; Otto G. Obermaier, Robert J. Anello, New York City, of counsel.

Gerald L. Shargel, New York City, for defendant Norman Dansker.

## OPINION AND ORDER

CONNER, District Judge:

In October 1976, plaintiff James Bloor (the "Trustee"), Chapter X Trustee for Investors Funding Corporation of New York ("IFC"), instituted this action alleging fraud in connection with the insolvency of IFC. The case is currently before the Court on the Trustee's motion, pursuant to Rule 15, F.R.Civ.P., to amend his prolix complaint, which already exceeds 100 pages in length, to add a forty-first claim for relief. *See* Appendix A. By this proposed amendment, the Trustee seeks to hold certain individuals, already defendants in this action, liable for loans allegedly made by IFC to partnerships of which these defendants were general partners.

In an Opinion and Order dated January 12, 1982, this Court denied a motion by the Trustee for summary judgment on this identical claim, stating that "this claim does not appear anywhere in the complaint." *Bloor v. Dansker,* No. 76 Civ. 4679, slip op. at 17 (S.D.N.Y. January 12, 1982) (WCC). Despite the Court's conspicuous notice to the Trustee that he had omitted this claim from his complaint, the Trustee inexplicably delayed until August 1983 before filing the instant motion to correct that deficiency. Indeed, in the face of defendants' allegations that his delay is a signal of his bad faith, the Trustee merely states that this application was made "upon invitation of this Court." Trustee's Reply Memorandum at 8. It is euphemistic at best to describe the Court's ruling that the complaint failed to state a certain claim as an "invitation" to rectify the omission. Moreover, the delay of a year and a half between that ruling and the date the Trustee scheduled a pre-motion conference as a prelude to making the instant application under Rule 15 was surely not a proper acceptance of the asserted "invitation" and, in the absence of any contrary explanation, must be attributed solely to the Trustee's dereliction. The Trustee's unexplained and apparently unjustified failure to move expeditiously to amend his complaint must of course be considered by the Court in determining whether to exercise its discretion[1] to allow the amendment.

Nevertheless, Rule 15 contemplates that leave to amend a complaint "shall be freely granted when justice so requires." Applying this extremely liberal standard, *see* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1473 at 378–79, this Court is reluctant, absent a strong showing of prejudice, to deny leave to amend, and thereby deprive a party of a conceivably valid cause of action, merely because an attorney has erred in failing to move to amend more promptly. Although defendants have attempted to demonstrate

1. Despite the Trustee's persistent, albeit inaccurate, claim that he had a "clear entitlement" to amend his complaint, the decision to allow the amendment is within the discretion of this Court. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1484 at 418.

that they will be prejudiced if the Trustee is permitted to amend his complaint at this late date, their fears are largely unfounded. The facts underlying the claim the Trustee desires to add are already set out in the Trustee's existing complaint at paragraphs 135–153. Thus, defendants have been on notice since that complaint was filed in late 1976 that the Trustee considers the partnership loans to have been improper. Under these circumstances, given that this complex action is likely to continue for a considerable period of time and the addition of the proposed claim should not appreciably delay the ultimate resolution of the case, it is equitable to allow the proposed amendment.

Accordingly, for the reasons stated above, the Trustee may file an amendment to his complaint in the form set forth in Appendix A, within 10 days of the date of this Opinion and Order.

SO ORDERED.

## APPENDIX A

### FORTY–FIRST CLAIM FOR RELIEF

570. Each of the General Partner Defendants is liable for advances, interest and principal on mortgage loans and other loans from IFC, and any and all other money, property, assets or things of value, including advances and loans from IFC to the partnerships in which each of the General Partner Defendants was a general partner of any such partnership that has not repaid IFC in respect of the foregoing.

WHEREFORE, Plaintiff Trustee prays that he be granted judgment against each of the General Partner Defendants (jointly and severally for each partnership in which two or more General Partner Defendants are general partners) in respective amounts yet to be ascertained.

On Motion For Reargument

Defendant Jerome Dansker ("Dansker") has moved for reargument of this Court's Opinion and Order dated December 6, 1983, which granted the Trustee's motion to further amend his complaint. While the Court acknowledges that Dansker will suffer some prejudice as a result of this belated amendment, that prejudice is not as severe as defendant claims. Moreover, the prejudice resulting from the loss of partnership records is not strictly due to the Trustee's delay in asserting this claim, but is a consequence of the absence of these records during the entire course of this action.

The motion is denied.

SO ORDERED.