Robelin LOPEZ and Maria Lopez, Plaintiffs,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and Edward Ciavolino, Defendants.

No. 86 Civ. 5005 (PKL).

United States District Court, S.D. New York.

April 14, 1987.

Goldman & Goldman, New York City (Richard M. Goldman, of counsel), for plaintiffs.

Vedder, Price, Kaufman, Kammholz & Day, New York City (Penny A. Lieberman, of counsel), for defendants.

## OPINION & ORDER

LEISURE, District Judge:

Plaintiffs in this suit for violation of a collective bargaining agreement have moved to amend their complaint to add a count for defamation under New York law. Defendant opposes the motion on the ground that "the proposed amendment could not withstand a motion to dismiss." Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint at 4 ("Defendants' Opposition").

### Discussion

Fed.R.Civ.P. 15(a) "sets forth a policy in favor of granting leave to amend, stating that 'leave shall be freely given when justice so requires.'" *Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240, 243 (2d Cir.1987). "The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,* 786 F.2d 101, 103 (2d Cir.1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendment of a complaint enables a party "'to assert matters that were overlooked or were unknown ... at the time ... [of the] original complaint or answer.'" *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 703 (2d Cir. 1985) (quoting 6 C. Wright and A. Miller, Federal Practice and Procedure § 1473 (1971)), *cert. denied,* — U.S. —, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986).

Defendants argue that the proposed defamation count cannot withstand a motion to dismiss, and that amendment of the complaint is therefore inappropriate. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42–43 (2d Cir.1979) (denial held appropriate under Rule 15(a) where complaint as amended would fail to state cause of action); *Valdan Sportwear v. Montgomery Ward & Co.,* 591 F.Supp. 1188, 1190 (S.D.N.Y.1984) (denial of amendment "embodying plainly defective claims"); *Halpert v. Wertheim & Co.,* 81 F.R.D. 734, 735 (S.D.N.Y.1979) (inability to withstand a motion to dismiss). Specifically, defendants argue that the defamation count is barred by New York's one-year statute of limitations. Defendant's Opposition at 2. Plaintiff responds that the doctrine of equitable estoppel bars defendants' assertion of the statute of limitations. Plaintiffs' Letter dated January 26, 1987, at 3–6. Plaintiffs' proposed defamation count includes the allegation that "[p]laintiff relied upon and was induced by the concealment, fraud, misrepresentations, and deception of defendants to refrain from filing a timely action." Proposed Amended Complaint, ¶ 6.

In briefing the equitable estoppel issue, the parties have created, in effect, a miniature motion for summary judgment. Counsel for plaintiffs has submitted an Affidavit of Robelin Lopez, sworn to on January 28, 1987 (the "Lopez Affidavit"), and various exhibits. *See* Notice of Motion for Leave to Amend Complaint, Exhibits A–F. The Court has not lost sight, however, that the instant motion is one to amend the complaint and that an analysis of the sufficiency of the proposed defamation count must remain subordinate to Rule 15 principles. "[I]f the plaintiff has at least colorable grounds for relief, justice ... require[s permitting amendment] unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.'" *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 783 (2d Cir.1984) (quoting *S.S. Silberblatt, Inc.,* 608 F.2d at 42).

On the present record, the Court is unable to conclude that plaintiffs' defamation claim is not "colorable." Plaintiffs' proposed defamation count appears to allege the required elements of equitable estoppel under New York law. *See, e.g., Barrett v. Hoffman,* 521 F.Supp. 307, 320 (S.D.N.Y. 1981), *rev'd on other grounds,* 689 F.2d 324 (2d Cir.1982), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366

(1983); *Jordan v. Ford Motor Co.*, 73 A.D.2d 422, 423–24, 426 N.Y.S.2d 359, 360–61 (1980). Moreover, defendants have made no claim of prejudice, bad faith or undue delay.[1] Plaintiffs contend that the equitable estoppel issue, involving allegations of misrepresentation, concealment and reliance, should not be determined against them without an opportunity for additional discovery. Plaintiffs' Letter dated February 20, 1987, at 3. The Court agrees that plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits," *Davis*, 371 U.S. at 182, 83 S.Ct. at 230. *See also S.S. Silberblatt, Inc.*, 608 F.2d at 43 (burden of undertaking discovery and bringing summary judgment motion held insufficient to constitute prejudice under Rule 15(a)). *Cf.* Fed.R.Civ.P. 56(f).

Accordingly, plaintiffs' motion for leave to amend the complaint is granted. This ruling is without prejudice to defendants' right to move for summary judgment on the defamation count after plaintiffs have conducted appropriate discovery.

SO ORDERED.

---

1. Plaintiffs began their action in state court on May 12, 1986, and defendants filed a petition for removal on June 24, 1986. Moreover, Robelin

Lopez states that he first became aware of the grounds for the defamation count on October 7, 1986. Lopez Affidavit, ¶ 3.