**BANCO de DESARROLLO AGROPECUARIO, S.A., Plaintiff,**

v.

**Robert V. GIBBS, et al., Defendants.**

**No. 86 CIV. 8547 (PKL).**

United States District Court, S.D. New York.

July 21, 1987.

Davis, Markel & Edwards, New York City, for plaintiff; George F. Hritz, of counsel.

Steel, Hector & Davis, Miami, Fla., for defendants; Gerald J. Houlihan, of counsel.

OPINION AND ORDER

LEISURE, District Judge:

Plaintiff in this RICO case moves, pursuant to Fed.R.Civ.P. 15(a), for leave to file its Second Amended Complaint. Defendants Robert V. Gibbs ("Gibbs"), The First Venezuelan Company, Ltd., Devinco of Florida, Inc., and International Capital & Development Corp. (collectively, the "Gibbs defendants") oppose plaintiff's motion. Defendants Bank of International Credit, Ltd. ("BICL") and Alfredo Beracasa have not filed any papers in opposition to the motion to amend. The Gibbs defendants previously moved to dismiss plaintiff's first Amended Complaint, pursuant to Fed.R. Civ.P. 9(b) and 12(b)(6). In the interests of fairness, efficiency and judicial economy, the Court determined to hold the motion to dismiss in abeyance pending the outcome of the instant motion.

*Discussion*

Fed.R.Civ.P. 15(a) "sets forth a policy in favor of granting leave to amend, stating that 'leave shall be freely given when justice so requires.'" *Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240, 243 (2d Cir.1987). "The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,* 786 F.2d 101, 103 (2d Cir.1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9

L.Ed.2d 222 (1962)). Amendment of a complaint enables a party " 'to assert matters that were overlooked or were unknown ... at the time ... [of the] original complaint or answer.' " *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 703 (2d Cir. 1985) (quoting 6 C. Wright and A. Miller, Federal Practice and Procedure § 1473 (1971)), *cert. denied,* — U.S. ——, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986).

The Gibbs defendants argue that the proposed Second Amended Complaint cannot withstand a motion to dismiss, and that amendment of the complaint is therefore inappropriate. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42–43 (2d Cir.1979) (denial held appropriate under Rule 15(a) where complaint as amended would fail to state cause of action); *Valdan Sportswear v. Montgomery Ward & Co.,* 591 F.Supp. 1188, 1190 (S.D. N.Y.1984) (denial of amendment "embodying plainly defective claims"); *Halpert v. Wertheim & Co.,* 81 F.R.D. 734, 735 (S.D. N.Y.1979) (inability to withstand a motion to dismiss). Specifically, the Gibbs defendants argue that the proposed additional allegations "do not correct any of the deficiencies" in the first Amended Complaint and that "the underlying facts and circumstances are not a proper subject for relief under the RICO statute...." Gibbs Defendants' Opposition Memorandum of Law at 12–13. Plaintiff responds that the Gibbs' defendants' position "itself indicates that they have made no effort to review the proposed complaint at all." Plaintiff's Reply Memorandum of Law at 10.

In their argument, the Gibbs defendants have attempted to focus the Court's attention on their pending motion to dismiss. *See, e.g.,* Gibbs Defendants' Opposition Memorandum of Law at 10–14. The Court has not lost sight, however, that the instant motion is one to amend the complaint and that an analysis of the sufficiency of plaintiff's proposed amended pleading must remain subordinate to Rule 15 principles.

" '[I]f the plaintiff has at least colorable grounds for relief, justice ... require[s permitting amendment] unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.' " *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 783 (2d Cir. 1984) (quoting *S.S. Silberblatt, Inc.,* 608 F:2d at 42).

On the present record, the Court is unable to conclude that plaintiffs' RICO claim is not "colorable." For example, the proposed Second Amended Complaint clearly sets forth allegations that shortly after monies were deposited with BICL, Gibbs and others immediately transferred those deposits out of BICL through a complicated series of unsecured, interest-free loans to closely-held corporations controlled by Gibbs and his business associates. The proposed complaint alleges that at the same time, Gibbs and his associates caused BICL to pay defendants exorbitant fees, salaries and dividends. It alleges, in addition, that as a result of these loans, fees, salaries and dividends, most of BICL's deposits and other assets were transferred to other defendants' control, in a manner that left BICL with no recourse against those defendants and thus unable to meet BICL's obligations to plaintiff and other BICL depositors. Plaintiff alleges that Gibbs and the other defendants knew or should have known that the wholesale removal of assets from BICL would act to defraud plaintiff and other BICL depositors. *See* Plaintiff's Reply Memorandum of Law at 10–12.[1]

Moreover, based on its consideration of the voluminous papers submitted by the parties on the instant motion, the Court finds no undue delay, bad faith, or undue prejudice resulting from the proposed amendment. The Court concludes, therefore, that plaintiff ought to be afforded a further opportunity to test its claim on the merits. *See Davis,* 371 U.S. at 182, 83

---

**1.** The Court should not be interpreted as intimating any view at this juncture as to the merits of the pending motion to dismiss.

S.Ct. at 230. *See also S.S. Silberblatt, Inc.*, 608 F.2d at 42–43 (burden of undertaking discovery and bringing summary judgment motion held insufficient to constitute undue prejudice under Rule 15(a)).

The Court has reviewed the Gibbs defendants' remaining arguments and found them to be without merit. Accordingly, plaintiff's motion for leave to file the Second Amended Complaint is hereby granted. Defendants shall submit their additional papers, if any, in support of the pending motion to dismiss by August 7, 1987. Plaintiff shall respond to the motion to dismiss by August 28, 1987. Defendants shall submit their reply, if any, by September 11, 1987.

SO ORDERED.