In re Martin COHEN, Debtor.

Frank PERINO, Plaintiff,

v.

Martin COHEN, Defendant.

Bankruptcy No. 87–30122.
Adv. No. 87–7018.

United States Bankruptcy Court,
S.D. New York.

March 31, 1989.

Mid–Hudson Legal Services, Inc., Poughkeepsie, N.Y. (Howard Schell Reilly, of counsel), for plaintiff.

Chester G. Krom, Kingston, N.Y., for defendant.

## DECISION ON MOTION TO AMEND COMPLAINT

JEREMIAH E. BERK, Bankruptcy Judge.

By motion pursuant to Fed.R.Civ.P. 15(a), plaintiff seeks to amend his complaint, filed June 17, 1987, objecting to the dischargeability of a debt pursuant to Section 523(a)(6) of the Bankruptcy Code ("Code"), 11 U.S.C. § 523(a)(6). The proposed amended complaint attempts to assert a new claim and increase the monetary damages sought.

## I. FACTS

In his original complaint, plaintiff, who at that time was not represented by counsel, sought a determination that his claim against the debtor-defendant in the sum of $5,000.00, representing a compensatory damage award pursuant to a default judgment issued by a state administrative agency, is nondischargeable. Subsequently, with the benefit of counsel, plaintiff moved for summary judgment on the ground that the default judgment with its attendant findings of fact were entitled to collateral estoppel effect in the dischargeability proceeding before this court. By decision and order entered September 30, 1988, the motion was denied for plaintiff's failure to establish the elements necessary to satisfy the doctrine of collateral estoppel. *Perino v. Cohen*, (*In re Cohen*), 92 B.R. 54 (Bankr.S.D.N.Y.1988). The underlying facts and history of this proceeding are set out therein.

In apparent response to the denial of his motion for summary judgment, plaintiff now seeks to amend his complaint to allege that defendant violated New York Human Rights Law Sections 296(2)(a) and (14), N.Y. Exec. Law §§ 296(2)(a) and 296(14), and is liable to him in the amount of $10,000.00 for compensatory damages. Additionally, plaintiff asserts a new claim for punitive damages in the sum of $20,000.00 arising from the defendant's alleged unlawful discriminatory acts. Plaintiff seeks a determination that the increased damages sought by the amended complaint are nondischargeable pursuant to Code § 523(a)(6). The amended complaint now, for the first time, seeks attorney fees, costs and disbursements, and a trial by jury.

Defendant objects to the proposed amended complaint on two grounds. First, defendant believes that the increased compensatory damages sought by plaintiff, as well as the new claim for punitive damages, constitutes bad faith and is prejudicial. The plaintiff originally sought a determination that the sum of $5,000.00 was nondischargeable, whereas he now seeks a determination that $30,000.00 is dischargeable. Second, defendant argues that the punitive damage claim is legally insufficient, alleging that this additional relief is not available under the New York law applicable to unlawful discrimination or, in the alternative, is time-barred under New York statute of limitations.

## II. DISCUSSION

A. Federal Rule of Civil Procedure 15(a) in general.

Fed.R.Civ.P. 15(a), made applicable to bankruptcy practice by Federal Bankruptcy Rule of Procedure 7015, states that after a responsive pleading is served and in the absence of written consent to the amendment, "a party may amend the party's pleading only by leave of court" and that such leave "shall be freely given when justice so requires."

Literally, Fed.R.Civ.P. 15(a) provides that leave to amend the pleadings should be "freely" granted in the interest of justice. The Supreme Court described the import of this Rule in the following:

It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.

\*     \*     \*     \*     \*     \*

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182–83, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

The Rule is a "clear statement of what constitutes good practice" and assures that a case is litigated on its merits and eliminates restrictive or technical barriers to this end. 3 J. Moore, *Moore's Federal Practice* ¶ 15.02[1] at 15–13 (2d ed. 1988) [hereinafter *Moore's* ]; *United States v. New York,* 82 F.R.D. 2, 4 (N.D.N.Y.1978) ("it should be pointed out that courts have shown a strong liberality in allowing amendments ... in recognition of the principle that controversies should be decided on the merits whenever practicable"). *Moore's* explains:

Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad

faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed.

*Moore's* at ¶ 15.08[2] at 15–48–49.

Consequently, the courts reflect a "strong liberality ... in allowing amendments under Rule 15(a)"; *Tahir Erk v. Glenn L. Martin Co.,* 116 F.2d 865, 871 (4th Cir.1941); *In re Investors Funding Corporation of New York Securities Litigation,* 100 F.R.D. 64, 65 (S.D.N.Y.1983) ("Applying this extremely liberal standard, ... this Court is reluctant, absent a strong showing of prejudice, to deny leave to amend, and thereby deprive a party of a conceivably valid cause of action...."). As the Second Circuit has noted, "The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,* 786 F.2d 101, 103 (2d Cir.1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240, 243 (2d Cir.1987) (Fed.R.Civ.P. 15(a) "sets forth a policy in favor of granting leave to amend"); *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 783 (2d Cir.1984) ("leave to amend should be freely given when justice requires"); *Banco de Desarrollo Agropecuario, S.A. v. Gibbs,* 116 F.R.D. 548, 549 (S.D.N.Y.1987); *Lopez v. John Hancock Mutual Life Insurance Co.,* 115 F.R.D. 316, 317 (S.D.N.Y.1987). This liberality, however, is not without limit. *Sobel v. Yeshiva University,* 477 F.Supp. 1161, 1168–69 (S.D.N.Y.1979). Primary reasons for denial of leave to amend include dilatory motive, undue delay, prejudice or lack of good faith. *Earlie v. Jacobs,* 745 F.2d 342, 345 (5th Cir.1984); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Development Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979) [hereinafter *S.S. Silberblatt v. East Har-*

lem; *CBS, Inc. v. Ahern,* 108 F.R.D. 14, 18 (S.D.N.Y.1985); *Strawhecker v. Laurel School District,* 100 F.R.D. 7, 10 (W.D.Pa. 1983).

Defendant does not oppose the motion to amend on the grounds of dilatory motive or undue delay. Rather, he alleges bad faith, prejudice, and the purported legal insufficiency of the relief now sought. Specifically, defendant argues that the substantial increase in the amount now claimed to be nondischargeable evidences plaintiff's bad faith and is prejudicial. Defendant also asserts that plaintiff's newly espoused claim for punitive damages is legally insufficient in that this relief goes beyond what is available under the New York Human Rights Law. In the alternative, defendant asserts that it is time-barred under the statute of limitations applicable to intentional tort actions under New York law.

B. Increasing the amount of damages sought and adding a punitive damage claim as constituting bad faith or prejudice.

■ As previously noted, Fed.R.Civ.P. 15(a) requires that leave to amend should be "freely given." For example, a complaint may be amended under Rule 15(a) even after it had been dismissed for failure to state a claim. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *United States v. New York,* 82 F.R.D. 2 (N.D.N.Y.1978). In general, even if the proposed amendment will substantially change the claim or defense, or add a different claim or defense, leave to amend will not be denied on such grounds alone. *International Ladies' Garment Workers' Union v. Donnelly Garment Co.,* 121 F.2d 561 (8th Cir.1941).

■ The sole qualification to the exercise of the court's discretion is that leave be given "when justice so requires." Although defendant asserts that the increased damages and new punitive relief constitutes bad faith and prejudice, neither objection on these grounds appears to be supported by prevailing legal authority. Even if an amended pleading states a different or new claim, the amendment may be permitted if the claim, as amended, arises from the same transaction or facts on which the original claim was based. *Hanlin v. Mitchelson,* 794 F.2d 834 (2d Cir.1986); *Bamm, Inc. v. GAF Corp.,* 651 F.2d 389 (5th Cir.1981); *Harkless v. Sweeny Independent School District,* 554 F.2d 1353 (5th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977); *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479 (6th Cir.1973); *Strawhecker v. Laurel School District,* 100 F.R.D. 7 (W.D.Pa. 1983); *Sperberg v. Firestone Tire & Rubber Co.,* 61 F.R.D. 78 (N.D.Ohio 1973). Indeed, one court has allowed the addition of a new damage claim only eight days before trial. *Local 783, Allied Industrial Workers of America, AFL–CIO v. General Electric Co.,* 471 F.2d 751 (6th Cir.), *cert. denied,* 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973).

Courts have not only permitted an increase in the amount of damages sought, *R.E.B. Inc. v. Ralston Purina Co.,* 525 F.2d 749 (10th Cir.1975); *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556 (S.D.N.Y.1976), but have also allowed a party to add a claim for punitive damages, *Hodnik v. Baltimore & Ohio Railroad,* 54 F.R.D. 184 (W.D.Pa. 1972).

In *Poloron Products,* for instance, the plaintiff on five prior occasions sought to amend its complaint to state a cognizable claim under the federal securities law. In its latest amendment, plaintiff sought a 1700% increase in the amount of damages. Although defendant argued that this amendment was prejudicial in and of itself, the court noted that such an argument "could scarcely exert less force." *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. at 561. The court explained:

[A] party should not be permitted to amend his pleading if such allowance would visit upon his adversary an undue hardship—i.e., an unwarranted difficulty in the prosecution of his case. A party may hardly resist an amendment curing a defectively stated claim on the ground that it will expose him to a possible liabil-

ity; he may no more successfully oppose the amendment of an *ad damnum* clause on the ground that it will place him at peril of an increased liability. *Id.*

In our proceeding, defendant neither asserts that the proposed amendment would cause unwarranted difficulty in his defense nor that the amended claims arise from facts not pled in the original complaint. Although the amendment does increase his potential liability in this proceeding, this does not, by itself, constitute either bad faith or prejudice.

C.  Legal Insufficiency.

■ There is a conflict among the circuits over whether the legal insufficiency of a proposed amended complaint is a proper ground for denying leave to amend. *Moore's* at ¶ 15.08[4] at 15–78. The rule in this district appears to be that legal insufficiency is generally not considered a ground for denying such amendment. *CBS, Inc. v. Ahern,* 108 F.R.D. at 19 ("denial of a motion to amend based upon the asserted inadequacy of the proposed pleading is similarly disfavored"); *Miller v. Steinbach,* 43 F.R.D. 275 (S.D.N.Y.1967); *Nyscoseal, Inc. v. Parke, Davis & Co.,* 28 F.R.D. 24 (S.D.N.Y.1961); *Bella v. Marine Transportation Lines, Inc.,* 18 F.R.D 410 (S.D.N.Y.1956); *Cravatts v. Klozo Fastener Corp.,* 16 F.R.D. 454 (S.D.N.Y.1954). The analysis of the legal sufficiency of a proposed amended pleading in this district "must remain subordinate" to the principles of Fed.R.Civ.P. 15. *Banco de Desarrollo Agropecuario, S.A. v. Gibbs,* 116 F.R.D. at 549; *Cravatts v. Klozo Fastener Corp.,* 16 F.R.D. at 455 ("On a motion for leave to amend it is not generally the function of the Court to pass upon the sufficiency of the proposed pleading.").

Where, as here, plaintiff seeks to add a new claim, the Second Circuit has held that if "at least colorable grounds for relief" exist, justice requires that the amended pleading be allowed absent undue delay, bad faith or prejudice. *S.S. Silberblatt, Inc. v. East Harlem,* 608 F.2d at 42. "[M]ost courts" have interpreted the color-

able grounds requirement as "mandating an inquiry—comparable to that required by Fed.R.Civ.P. 12(b)(6) and 12(f)—as to whether the proposed amendments state a cognizable claim or defense." *CBS, Inc. v. Ahern,* 108 F.R.D. at 18; *S.S. Silberblatt, Inc. v. East Harlem,* 608 F.2d at 42–43; *Valdan Sportwear v. Montgomery Ward & Co.,* 591 F.Supp. 1188, 1190 (S.D.N.Y. 1984) (proposed "plainly defective" claim could not be subject of a motion to amend complaint); *Lopez v. John Hancock Mutual Life Insurance Co.,* 115 F.R.D. at 317; *Halpert v. Wertheim & Co.,* 81 F.R.D. 734, 735 (S.D.N.Y.1979). The standard to be met to obtain a Fed.R.Civ.P. 12(b)(6) dismissal, however, is "quite stringent." *CBS, Inc. v. Ahern,* 108 F.R.D. at 18. To dismiss a complaint under that Rule for failure to state a claim for which relief can be granted, a court must accept plaintiff's allegations at face value and may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Rapf v. Suffolk County of New York,* 755 F.2d 282, 290 (2d Cir.1985). Further, the court in deciding a Rule 12(b)(6) motion must construe the pleading favorably to its proponent. *Id.; CBS, Inc. v. Ahern,* 108 F.R.D. at 19.

Defendant here objects to the demand for punitive damages on the ground that such damages are not available under New York Human Rights Law as it only provides for compensatory damages. In the alternative, defendant argues that plaintiff may not claim punitive damages under New York's law of intentional torts as such relief is time-barred under the applicable statute of limitations.

We agree that punitive relief is not available under the New York Human Rights Law. In our prior decision, we noted that "the Human Rights Division is not empowered to make an award as a penalty." *Perino v. Cohen, (In re Cohen ),* 92 B.R. at 74. This relief may be available, nevertheless, under New York's law of intentional torts.

Notwithstanding defendant's statute of limitations argument, we will not prevent plaintiff, at this stage in the proceeding,

from attempting to plead the merits of his claim. Plaintiff, for instance, may be able to assert an exception to its application. Further, the statute of limitations is an affirmative defense to be set out in response to the claim, otherwise it may be waived. Fed.R.Civ.P. 8(c); 2A J. Moore and J. Lucas, *Moore's* ¶ 8.27[3] at 8–184 (2d. ed. 1987).

In *Lopez v. John Hancock Mutual Life Insurance Co.,* 115 F.R.D. 316 (S.D.N.Y. 1987), the plaintiffs moved to amend their complaint to add a defamation claim. The defendant opposed the amendment on the ground that the defamation claim was barred by New York's one year statute of limitations. The plaintiffs in response noted that the doctrine of equitable estoppel prevented the assertion of the time bar. The court observed that the parties in effect had created a "miniature motion for summary judgment," but cautioned that it had "not lost sight, however, that the instant motion is one to amend the complaint and that an analysis of the sufficiency of the proposed defamation count must remain subordinate to Rule 15 principles." *Id.* at 317. It thus held that plaintiffs' tardy defamation claim was at least "colorable" and allowed the amendment.

Similarly, on the record before this court, we are unable to conclude that plaintiff has failed to establish a colorable claim for punitive damages. Justice requires that plaintiff be afforded the opportunity to establish the validity and timeliness of this claim on the merits.

## IV. CONCLUSIONS OF LAW

1. This court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(I).

2. Defendant has failed to show that plaintiff's proposed amended complaint constitutes either bad faith or prejudice, or that the proposed pleading does not set out colorable claims.

3. Accordingly, plaintiff's motion to amend his complaint is granted. Plaintiff is directed to file his amended complaint within ten days hereof. The debtor may file an answer within 20 days of the filing of the amended complaint. The parties should be prepared to proceed at a pre-trial conference to be set by the court.

An appropriate Order shall be entered in conformity herewith.