**In re J. Colin DAWSON and Norma Dawson, Debtors.**

**Bankruptcy No. 91–12913.**

United States Bankruptcy Court, D. Rhode Island.

May 21, 1993.

Michael M. Bowden, Halpert & Scoliard, Providence, RI, for debtors.

Mark A. Charleson, Providence, RI, for creditors.

## ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Motion to Extend Time by the Estate of Margaret Ekelund (the "Ekelund Estate"), to file a complaint to determine dischargeability under Bankruptcy Code § 523. The Debtors, J. Colin and Norma Dawson, object on the ground that the time for filing such complaints has elapsed pursuant to Fed.R.Bankr.P. 4007(c).

The pertinent facts are as follows: On November 6, 1991, the Debtors filed a Chapter 13 petition, and on March 31, 1992, the Creditor filed an Objection to Confirmation of the Plan. Said objection alleges misconduct by J. Colin Dawson, as Executor of the Estate of Margaret Ekelund, in misappropriating funds of the Estate, and requesting, inter alia, that the unpaid balance of a judgment awarded by the Cranston Probate Court in the amount of $18,074 be declared nondischargeable, pursuant to § 523(a)(4).

Confirmation was denied on August 19, 1992. Thereafter, on November 5, 1992, the Chapter 13 case was converted to Chapter 7, and February 8, 1993 was the deadline set for filing complaints to determine dischargeability under § 523(a). The Creditor (Ekel-

und Estate) did not file such a complaint within the established time period. Instead, it relies upon its earlier filed pleading entitled "Objection to the Chapter 13 Plan ..." as having met the filing requirements of Rule 4007(c), which provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

There is ample authority holding that technically defective pleadings filed before the expiration of filing deadlines may be the basis for later amendment. *See* Fed. R.Bankr.P. 7015; *Perino v. Cohen (In re Cohen),* 98 B.R. 179 (Bankr.S.D.N.Y.1989). We find that the above referenced objection to confirmation, although formally lacking as a § 523(c) complaint, does constitute an amendable dischargeability complaint.

Because of the March 31, 1992 filing of a sufficiently detailed pleading (the "objection"), which contains the requisite factual allegations of fraud, damages, etc., we rule, for § 523(a) purposes, that a "complaint" was timely filed. *See In re Mary Ann Larson,* BK No. 91–12874 (Bankr.D.R.I. Dec. 30, 1992). Accordingly, the Motion to Extend Time is DENIED, as moot, and the Creditor has 30 days within which to file an amended complaint to determine dischargeability in this Chapter 7 case.

Enter Judgment consistent with this Order.