**In re Angela GIGUERE, Debtor.**

**Thomas W. KELLY, Jeremy W. Howe and Turner C. Scott, Plaintiffs,**

v.

**Angela GIGUERE, Defendant.**

**Bankruptcy No. 91–10800.
Adv. No. 93–1037.**

United States Bankruptcy Court,
D. Rhode Island.

June 9, 1995.

See also, 165 B.R. 531.

David A. Schechter, Providence, RI, for debtor/defendant.

Francis S. Holbrook II, Miller, Scott, Howe & Kelly, Newport, RI, for plaintiffs.

Office of the U.S. Trustee, Sheryl Serreze, Providence, RI.

### ORDER DENYING DEBTOR'S MOTION TO DISQUALIFY

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Debtor's 28 U.S.C. § 455 request that the undersigned "be disqualified in the within proceedings," on the ground that our March 10, 1995, Order regarding attorney's fees "casts a cloud of partiality over these proceedings." This is so, the Debtor argues, because the denial of the fee application of Miller, Scott, Howe & Kelly, without prejudice, also provided that "[t]he movant is free to file a request for fees under 11 U.S.C. § 503(b) in the bankruptcy proceeding." Although the Movant makes no specific reference to the sub-section under which disqualification is sought, we assume it is one of the following:

(a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455.

The standard to be applied under § 455(a) is

whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man.

*United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97

S.Ct. 1181, 51 L.Ed.2d 585 (1977); *United States v. Martorano*, 620 F.2d 912, 919 (1st Cir.), *cert. denied* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980); *United States v. Mirkin*, 649 F.2d 78, 82 (1st Cir.1981); *In re Casco Bay Lines, Inc.*, 17 B.R. 946, 952–53 (1st Cir. BAP 1982). "In essence section 455(a) allows a judge to disqualify himself if a reasonable [person] would have factual grounds to doubt the impartiality of the court." *Blizard v. Frechette*, 601 F.2d 1217, 1220 (1st Cir.1979). Under § 455(b)(1) the "'reasonable [person]-reasonable factual basis' test is not applicable [rather,] § 455(b)(1) . . . requires a showing of *personal* bias or prejudice or *personal* knowledge of disputed facts, which has been obtained extra-judicially." *In re Casco Bay Lines*, 17 B.R. at 953. After considering the Debtor's argument, as well as the entire case record, we are aware of no factual basis upon which a reasonable person, after weighing all of the facts, would question the impartiality of the Court.[1]

■ For example, in reviewing the request as filed, the Court clearly had authority to treat the Miller, Scott, Howe & Kelly fee application as one under 11 U.S.C. § 503(b), and could have made an award accordingly. *See e.g. In re Concretera Abreu, Inc.*, BK No. B–81–00244 (Bankr.D.P.R. May 26, 1995) (treating motion for reconsideration as application for final compensation); *In re Dawson*, 185 B.R. 406 (Bankr.D.R.I. 1993) (construing creditors' objection to Chapter 13 Plan as a § 523(c) dischargeability complaint, capable of amendment); *In re Michaels*, 157 B.R. 190 (Bankr.D.Mass.1993) (treating a motion for relief from stay as a motion for determination that the stay does not apply to garnishment proceeding, and as a complaint seeking a determination that a debt is excepted from discharge), *MacDonald v. Tack (In re MacDonald)*, 164 B.R. 325, 330 (Bankr.C.D.Cal.1994) (court *sua sponte* avoided transfer under 11 U.S.C. § 544(a)(3)).

However, in fairness (we thought) to *both* parties, we denied the application, without prejudice, and, as we have routinely done in other cases, referenced the statutory basis for the applicant to re-file its fee request. *See e.g. Williams v. United States (In re Williams)*, 181 B.R. 1, 5 (Bankr.D.R.I.1995); *Pare v. Natale (In re Natale)*, 174 B.R. 362, 365 (Bankr.D.R.I.1994) (holding, *sua sponte*, that Plaintiffs may be entitled to attorney's fees and expenses for having to needlessly persue the Debtor to collect insurance proceeds); *In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.*, 155 B.R. 1, 3 (Bankr.D.P.R.1993). This is the first such complaint we have had, but will of course discontinue that practice forthwith, if advised by the District Court that it is improper.

■ In addition, the Debtor has not alleged any personal bias or prejudice by the Court which was obtained extra-judicially. *See In re Casco Bay Lines*, 17 B.R. at 953. Overall, this pleading is unsupported and frivolous, and qualifies for the imposition of sanctions under Rule 9011, but which will be overlooked in this instance, not to exacerbate what appears to be a hyper-sensitivity on the part of the Debtor, which we feel is unwarranted.

In this adversary proceeding the Court has merely decided, after a thoroughly contested hearing, that the Debtor was wrong on the merits, and that opposing counsel is entitled to compensation, in some amount. The Court has no ill will towards the Debtor or her attorney. Neither do we believe, however, that *any* litigant should be able to choose his/her judge, or to switch judges, simply by rhetorically suggesting the possible existence of "clouds of impartiality." Here, we would be encouraging that strategy, and would abdicate our judicial responsibilities if we acceded to the Debtor's request.

For the foregoing reasons, the Debtor's Motion to Disqualify is DENIED.

---

1. While this is without doubt a self-serving conclusion by the Court, we: (1) believe it is correct; and (2) see no alternative, except to grant the Debtor's motion, without any questions. We may not do this, however, for the reasons contained herein.