**GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**J.K. CHRYSLER PLYMOUTH CORP., Defendant.**

No. CV–89–0718.

United States District Court, E.D. New York.

Dec. 23, 1991.

Jay R. Fialkoff, Stroock & Stroock & Lavan, New York City, for plaintiff.

Jeffrey P. Brodsky, Ginsberg, Katshorhis & Fedrizzi, Flushing, N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff General Accident Insurance Company of America ("General Accident") brought this action against J.K. Chrysler Plymouth Corp. ("J.K. Chrysler") to recover unpaid premiums on two insurance policies. By earlier order, this court granted partial summary judgment to General Accident; the plaintiff now moves to certify that order under Federal Rule of Civil Procedure 54(b). For the reasons stated below, the motion for certification is denied.

## FACTS

The plaintiff, General Accident is a Pennsylvania insurance firm authorized to do business in the State of New York. Defendant J.K. Chrysler is a New York corporation engaged in the sale of automobiles. Under the New York Automotive Insurance Plan ("AIP"), General Accident was required to provide J.K. Chrysler with two consecutive liability-insurance policies between 1986 and 1988. General Accident billed J.K. Chrysler for estimated premiums on the two insurance contracts; J.K. Chrysler paid in full the total of the estimated premiums. However, after the end of the coverage term on the second insurance contract, General Accident exercised its contractual right to audit the records of J.K. Chrysler in order to determine the precise number of persons employed by J.K. Chrysler during the effective dates of the insurance policies. General Accident discovered that J.K. Chrysler had at least 70 employees more than J.K. Chrysler had initially reported to General Accident; accordingly, General Accident revised the premiums due on the contracts and demanded an additional $72,059.00 on the first policy and an additional $61,721.00 on the second policy. General Accident was unable to determine whether two individuals, John A. Koufakis, Jr. and Michael Koufakis, had been employees of J.K. Chrysler during the relevant period.

On October 15, 1991, this court granted partial summary judgment to General Accident. *General Accident Insurance Co. of America v. J.K. Chrysler Plymouth Corp.*, 774 F.Supp. 110 (E.D.N.Y.1991). This court ruled there that the terms of the contracts between General Accident and J.K. Chrysler were clear and that J.K. Chrysler was liable for the unpaid amounts of the revised premiums. *Id.* at 112. However, in that there remained genuine disputes as to whether John A. Koufakis, Jr. and Michael Koufakis had been employees of the defendant, the court set down those factual questions—as well as any additional premium liability due to General Accident because of their employment—for resolution at trial. *Id.* at 112–113. The plaintiff now moves the court under Federal Rule of Civil Procedure 54(b) for certification of that grant of partial summary judgment. The defendant has not opposed this motion.

## DISCUSSION

■ Federal Rule of Civil Procedure 54(b) provides, in relevant part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As the text of that rule suggests, the decision whether to certify a judgment as final under Rule 54(b) rests with the sound discretion of the district court. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). And, "in deciding whether there are no just reasons to delay the appeal of individual final judgments ... a district court must take into account judicial administrative interests as well as the equities involved." *Id.*

However, it is also clear that Rule 54(b) is only applicable when the court has granted judgment "as to one or more but fewer than all of the claims or parties." In this case, this court has granted *partial* summary judgment on only *one claim.* Although there are two claims for relief in the complaint, they are essentially duplicative—and the court has not granted judgment on the entirety of either one. For this reason, it would be inappropriate to certify the order as a final judgment:

> To be certifiable under the terms of Rule 54(b) a judgment must possess the requisite degree of finality, and must dispose of *at least a single substantive claim.* Thus a partial or interlocutory adjudication of a claim cannot properly be certified, even if this is attempted by means of a "partial summary judgment" and even if the requisite "express determination" has been made.
>
> .    .    .    .    .
>
> It follows that where ... a partial summary judgment is rendered with respect to only part of the relief sought by the [plaintiff], and where consideration of further relief is specifically reserved, judgment is neither "final" nor on an entire "claim." Accordingly, there can be no certification of such a partial summary judgment pursuant to Rule 54(b).

*Acha v. Beame,* 570 F.2d 57, 62 (2d Cir. 1978) (emphasis added). *See also Curtiss–Wright Corp.,* 446 U.S. at 7, 100 S.Ct. at 1464 (prerequisite for application of Rule 54(b) is " 'an ultimate disposition of an individual claim entered in the course of a multiple claims action' ") (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)); *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 182 (2d Cir.1978) ("To satisfy the requirements of Rule 54(b) a judgment must have the degree of finality required for appealability under 28 U.S.C. § 1291, and the claim adjudicated must be a 'claim for relief' separable from and independent of the remaining claims in the case."); *Miller v. Steinbach,* 43 F.R.D. 275, 277 (S.D.N.Y.1967) ("Where a complaint contains only a single claim for relief and a

district judge grants summary judgment as to part of the single claim, an appeal, even with the district court's certification that there is no just reason for delay, is premature...."). The plaintiff rightly argues that the operative factor is "separability," but it fails to note that the test is separability of *claims*—not separability of *issues. Compare Cullen v. Margiotta,* 811 F.2d 698, 711 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987) ("In a case involving multiple claims, the court should not enter final judgment dismissing a given claim unless that claim is separable from the claims that survive.... Claims are normally regarded as separable if they involve at least some different questions of fact and law and could be separately enforced....") *with* Memorandum of Plaintiff at 7 ("The remaining issues are separable and, in fact, have been severed for trial."). Rule 54(b) is directed in part at precluding piecemeal appellate review of actions, *Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. at 1465; but entry of final judgment on *part* of *one claim* (as the plaintiff seeks here) would frustrate that policy.

Finally, with reference to the *Curtiss–Wright* mandate that district courts should consider not only judicial interests but also "the equities involved", *id.,* the plaintiff maintains that "equitable considerations dictate that final judgment be entered." Memorandum of Plaintiff at 7. The plaintiff refers the court to *Log Plastic Products v. Robert Linkletter Associates, Inc.,* CV–87–3482, slip op., 1988 WL 68178 (S.D.N.Y. June 20, 1988). There, Judge Kram certified a judgment as final despite the questionable separability of the relevant claim. The court stated:

> Plaintiff has established sufficient equitable reasons justifying Rule 54(b) certification.... [P]laintiff seeks certification in order to protect itself against the possibility that defendant may become insolvent in the near future. Plaintiff draws the Court's attention to a prospectus filed by defendant with the Securities and Exchange Commission which indicates that defendant's liabilities exceed its assets by over $1.1 million, that defen-

588

dant is involved in other litigation which may expose it to liability, that defendant owes its attorneys $127,000 and that defendant's net losses since its inception surpass $3.4 million.

*Id.* at 3. In contrast to the demonstrably precarious state of the defendant in *Log Plastic Products,* there has been no attempt by General Accident to show that J.K. Chrysler is in imminent financial peril. Rather, General Accident simply speculates that J.K. Chrysler *may* face financial difficulties. Memorandum of Plaintiff at 7 ("J.K. Chrysler's refusal to settle reasonably and its litigation strategy of delay indicate possible financial problems or, at a minimum, financial irresponsibility....."). Clearly, the speculation by General Accident is not even remotely similar to the demonstration by the plaintiff in *Log Plastic Products.*

Indeed, the better argument for "equitable considerations" on the part of General Accident is that this action seeks to recover insurance premiums that became due several years ago; in this respect, the impatience of General Accident to obtain final judgment on at least part of its claim is by no means unreasonable. Nonetheless, it remains the case that this court has granted summary judgment only on a portion of one claim; as such, Rule 54(b) is, by its own terms, inapplicable: Even *Log Plastic Products* involved the complete adjudication of an entire cause of action. *Id.* at 2. For this reason, the motion of the plaintiff for certification under Rule 54(b) should be denied.

SO ORDERED.