In re CENTENNIAL TEXTILES, INC., and Dynasty Prints, Inc., Debtors.

Hal M. HIRSCH, as Trustee of the estates of Centennial Textiles, Inc., and Dynasty Prints, Inc., Plaintiffs,

v.

Barry GERSTEN, Sykel Enterprises, Inc., Herbert Crohn and MBL Life Insurance Company, Defendants.

Bankruptcy Nos. 96 B 46472(BRL), 96 B 46473(BRL).
Adversary No. 97–9122A.

United States Bankruptcy Court, S.D. New York.

March 3, 1998.

Gainsburgh & Hirsch, L.L.P., by David L. Barrack, New York City, for trustee.

Ross & Hardies, by Helen Davis Chaitman, New York City, for Barry Gersten.

*SUPPLEMENT TO AND REVISION OF MEMORANDUM DECISION (THE "DECISION") GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 19, 1998* [1]

BURTON R. LIFLAND, Bankruptcy Judge.

Pursuant to my direction to settle an order consistent with the Decision, the Trustee has submitted a form of order (the "Proposed Order") to which Mr. Gersten has objected (the "Objection"). First of all, Mr. Gersten objects that the Proposed Order contains a direction for entry of judgment notwithstanding the absence in the Decision of an express determination that there is no just reason for delay and an express direction for the entry of judgment, as required by Rule 54(b). Moreover, Mr. Gersten states, there are just reasons to delay the entry of judgment. First, he has an affirmative defense of set-off for $5.75 million of his own funds that he transferred to Centennial. Secondly, the Policies cannot be transferred and will be available when all claims in the adversary proceeding are determined. Thirdly, the

Policies will continue to build value so there is no need to transfer them now to protect their value to the debtors.

Mr. Gersten also objects that the inclusion in the Proposed Order of a final judgment against him for the Premium Payments in the amount of $25,885.05 plus interest from April 1, 1996 (the "Premium Payments Judgment"), in addition to turnover of the Policies, represents double recovery because the value of the Premium Payments is reflected in the current cash surrender value of the Policies.

The Trustee has responded (the "Response") to the Objection and, in addition, has submitted a further order encaptioned:

"ORDER, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7054(A) EXPRESSLY DETERMINING THAT THERE IS NO JUST REASON FOR DELAY IN ENTERING FINAL JUDGMENT AGAINST BARRY GERSTEN ON THE FIFTEENTH CAUSE OF ACTION AND AGAINST MBL INSURANCE COMPANY ON THE EIGHTEENTH CAUSE OF ACTION, AND DIRECTING ENTRY OF FINAL JUDGMENT FORTHWITH"

(the "Proposed Rule 54(b) Certification"), the caption to which explains its content and purpose. In his Response, the Trustee disputes Mr. Gersten's claim that the Policies cannot be transferred and that they continue to build value. Absent payment, he argues, premium payments are deducted from the cash surrender value. Additionally, the fact that Mr. Gersten's wife is the current beneficiary of the Policies is a recognizable harm to the estate due to the possibility of further

---

**1.** This Supplement and Revision is made pursuant to Fed.R.Civ.Proc. 54(b) ("Rule 54(b)"). Rule 54(b), made applicable here by Fed. R.Bankr.Proc. 7054(a), provides as follows:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such

determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*
Fed.R.Civ.Proc. 54(b) (italics supplied). In this Supplement and Revision, capitalized terms not defined herein shall have the meaning ascribed to them in the Decision.

litigation in the event of Mr. Gersten's death prior to turnover. With respect to Mr. Gersten's set-off defense, the Trustee contends that the respective claims lack mutuality because Mr. Gersten's claims are the unsecured claims of an insider, subordinate to the Trustee's claims of fraudulent conduct.

*Discussion*

*Double Recovery*

■ I stated in the Decision as follows:

Although the Trustee here seeks entry of a judgment against Gersten for the alleged cash surrender value of the Policies— $317,179.00—plus interest thereon since November 23, 1995, plus the amount of the Premium Payments—$25,885.05—plus interest thereon and entry of a judgment requiring and directing MBL to transfer and turn over the Policies to the Trustee as property of the estate, he cannot be entitled to both, which would represent a double recovery.

I thus expressed my view that to order both (a) a money judgment in respect of the Policies and Premium Payments and (b) turnover of the Policies would represent double recovery. I now reiterate that view and agree with Mr. Gersten that the value of the Premium Payments is reflected in the value of the Policies. Had the fraudulent conveyance of the Policies to Mr. Gersten not occurred, Centennial would have been obliged to make the same payments, otherwise they would have been deducted from the cash surrender value of the Policies.[2]

*Rule 54(b)*

To have a "final judgment" under Rule 54(b), (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the court must make an express determination that there is no reason for delay and expressly direct the clerk to enter judgment. *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir.1992). Factor (1) is indisputable

here. The existence, however, of other causes of action in the Amended Complaint relating to the Policies and Premium Payments, namely the Thirteenth, Fourteenth, Sixteenth and Seventeenth Causes of Action, put in issue factors (2) and (3).

The Thirteenth Cause of Action seeks the same relief as the Fifteenth but is based on DCL § 276—conveyance made with *actual* intent to hinder, delay or defraud creditors is fraudulent. The Fourteenth seeks the Trustee's reasonable attorney's fees pursuant to DCL § 276–a (award of attorney's fees in action to set aside a conveyance made with *actual* intent to defraud). The Sixteenth is based upon § 720 of the New York Business Corporation Law ("BCL"), alleging Gersten's *intentional* breach and violation of fiduciary duty, waste and mismanagement, in transferring the Policies and directing Centennial to continue the Premium Payments and seeks the same remedy as the Fifteenth *"plus the amount of damages caused by [Gersten's] intentional fiduciary breach."* The Seventeenth, also based on BCL § 720 and seeking the same relief as the Sixteenth, alleges *negligent* breach of fiduciary duty in transferring the Policies and directing Centennial to continue the Premium Payments.

■ Rule 54(b) affords no basis for entry of a final judgment of less than "one or more" claims and an order that disposes of part of a single claim cannot be converted into a final judgment by a Rule 54(b) certification. *See Acha v. Beame,* 570 F.2d 57, 61 (2d Cir.1978); *Perma Research and Development Co. v. The Singer Co.,* 410 F.2d 572, 575 n. 10 (2d Cir.1969); *Cott Beverage Corp. v. Canada Dry Ginger Ale,* 243 F.2d 795 (2d Cir.1957). As the Third Circuit has stated:

Courts have had difficulty in determining what constitutes a "claim," and have recognized that in this endeavor "uncertainty is the rule." ... As leading commentators have observed, "[t]he line between deciding one of several claims and only part of a single claim is sometimes very obscure." ... Moreover, there is no definitive test to

---

**2.** Indeed, the Trustee's Response contains the statement that "[i]n order to continue to build value, the insurance premiums must continue to be paid; absent payment, the premiums are deducted from the cash surrender value."

determine whether more than one claim is before the court.

*Gerardi v. Pelullo,* 16 F.3d 1363, 1369 (3d Cir.1994).

In this Circuit, the test of multiple claims is whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced. *See Aetna Casualty & Surety Co. v. Giesow,* 412 F.2d 468 (2d Cir.1969); *Rieser v. Baltimore & Ohio Railroad Co.,* 224 F.2d 198, 199 (2d Cir.1955), *cert. denied,* 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956). Claims are normally regarded as separable if they involve at least some different questions of fact and law and could be separately enforced. *See Cullen v. Margiotta,* 811 F.2d 698, 711 (2d Cir.1987), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Aetna Casualty & Surety Co. v. Giesow,* 412 F.2d at 470. When these features are present, claims may be considered separable even if they have arisen out of the same transaction or occurrence. *See Cullen v. Margiotta,* 811 F.2d at 711. Here, applying this test, the Fifteenth and Eighteenth Causes of Action are clearly separable from the Thirteenth, Fourteenth, Sixteenth and Seventeenth. Different questions of fact and law are involved and separate enforcement is possible. This is not a case of partial summary judgment on a single claim. *Cf. e.g. Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), *Acha v. Beame,* 570 F.2d at 62; *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66 (2d Cir.1973); *Aetna Casualty & Surety Co. v. Giesow,* supra, 412 F.2d at 470.

Having found that there is here a final judgment on an individual claim in a multiple claims action, I must go on to determine whether there is any just reason for delay. *See Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980). The District Court has given the following guidance:

> Although the Advisory Committee's comment to Rule 54(b) implied that the rule was originally intended to apply only to the "infrequent harsh case," the Second Circuit has ruled that with the advent of complex litigation involving numerous parties and claims this standard is no longer "workable." Courts should not restrict the use of Rule 54(b) to cases which are " 'unusual', 'exceptional', or 'extraordinary' " but should instead be guided by the " 'interest of sound judicial administration.' " Thus, district courts should consider the possibility that "the ultimate dispositions of the claims remaining . . . could either moot [the decision of the appellate court] on the appealed claim or require [the appellate court] to decide issues twice."

> In the interests of sound judicial administration, Rule 54(b) partial final judgment is appropriate where the claims involved are not "inherently inseparable" or "inextricably intertwined," although the remedy may be appropriate where the claims are merely "interrelated."

*Bowne of New York City, Inc. v. AmBase Corp.,* 161 F.R.D. 270, 272 (S.D.N.Y.1995) (citations omitted). "Inextricably intertwined" refers to the sort of claims so interrelated that on appeal the appellate court would necessarily have to reach the merits of one or more of the claims not appealed and/or the trial court's disposition of one or more of the remaining claims could render the appellate court's opinion advisory or moot. *See Ginett v. Computer Task Group,* 962 F.2d 1085, 1095 (2d Cir.1992). Applying this test, I find that the Fifteenth and Eighteenth Causes of Action are not "inextricably intertwined" with the Thirteenth, Fourteenth, Sixteenth and Seventeenth Causes of Action. They can be decided independently of each other. *See Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956).

In addition to judicial interests, I must also consider "the equities involved." *See General Accident Insurance Company of America v. J.K. Chrysler Plymouth Corp.,* 139 F.R.D. 585, 587 (E.D.N.Y.1991). There must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal. *See Western Geophysical Co. of America, Inc. v. Bolt Assocs.,* 463 F.2d 101, 103 (2d Cir.1972), *cert. denied,* 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972); *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir.1968). I am persuaded

by the Trustee's arguments in this respect. Mr. Gersten's contentions that the Policies cannot be transferred and that they will continue to build cash value are without foundation. On the contrary, there is a very real danger that their value will be depleted by the imposition of moratorium charges in the absence of the continued payment of premiums.

The mere presence of counterclaims does not render a Rule 54(b) certification inappropriate. *See Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. at 9, 100 S.Ct. at 1465–66. Like other claims, their significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought. *See id.* Mr. Gersten's counterclaim is not "inextricably intertwined" with the Fifteenth and Eighteenth Causes of Action. However, in balancing the equities, the possibility of offset may provide sufficient reason to deny entry of final judgment. *See id.* at 11–12, 100 S.Ct. at 1466–67; *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 270 at 274. Nevertheless, it is well settled that a party will be unable to assert a set-off where that party is being sued for fraudulent transfers. *Hassett v. Weissman (In re O.P.M. Leasing Services, Inc.)*, 35 B.R. 854 (Bankr.S.D.N.Y. 1983), *aff'd in part, rev'd in other part*, 48 B.R. 824 (S.D.N.Y.1985). Accordingly, Mr. Gersten's claim of set-off is not a valid reason to refuse Rule 54(b) certification.

*Conclusion*

For the foregoing reasons, the Proposed Rule 54(b) Certification submitted by the Trustee will be signed with the deletion of the words "(i)" and "and (ii) in the amount of $25,885.05, plus interest thereon from April 1, 1996" in the first "ORDERED" paragraph and the Proposed Order will be signed with the deletion of the words:

> "ORDERED, that the trustee be and he hereby is granted final judgment against Gersten for the post-conveyance payment by Centennial of the premiums for the Insurance Policies thereof, in the amount

of $25,885.05, plus interest thereon from April 1, 1996; and it is further".